Argued and submitted September 23, 1994, reversed and remanded with
instructions on petition and on cross-petition May 22, 1996

In the Matter of the Compensation of
Cindy Lankford, Claimant.

Cindy LANKFORD,
*Petitioner - Cross-Respondent,*

*v.*

Claude COPELAND,
*Respondent - Cross-Petitioner,*

*and*

DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES,
*Respondent - Cross-Respondent.*

(WCB 92-06391; CA A82936)

917 P2d 55

David R. Nepom argued the cause and filed the briefs for petitioner - cross-respondent.

Willard E. Fox argued the cause for respondent - cross-petitioner. With him on the brief was Allen Stortz Fox Susee & Olson.

Stephanie L. Striffler, Assistant Attorney General, argued the cause for respondent - cross-respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and De Muniz and Leeson, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Workers' Compensation Board that held that she was not a worker subject to the Act because her employment with Copeland was casual. ORS 656.027(3). Copeland cross-petitions, contending that the Board erred in holding that claimant was a "casual worker" because, he contends, claimant was not a worker, ORS 656.005(30), and, therefore, was not covered by the workers' compensation law. The Department of Consumer and Business Services (DCBS), in its respondent's brief, asserts two cross-assignments of error. The first is the same as Copeland's, that claimant is not a worker subject to the Workers' Compensation Act. The second cross-assignment is that the Board did not have jurisdiction to review the administrative law judge's (ALJ's) decision that claimant was not a subject worker. It contends that the ALJ's decision should have been reviewed directly by the Court of Appeals. ORS 656.704(2). We conclude that the Board did not have jurisdiction in this case.

The facts as found by the ALJ and adopted by the Board are not disputed by any party. Copeland breeds horses and races them. He does all of the work on his farm and has no payroll nor any employees. He uses the services of a trainer on occasion and contracts with a farrier to shoe his horses. Claimant was a race horse jockey licensed to ride in Oregon and five other states. She was injured while exercising a horse owned by respondent Copeland.

On the morning that she was injured, claimant approached Copeland to see if she could ride a horse that he had entered in a race. Copeland agreed to let her exercise his horse. Claimant had never ridden for Copeland before and, although there was no discussion about fees, she anticipated being paid $5 for the ride. Copeland had planned to pay her that amount. Claimant was injured during that exercise ride. She filed a workers' compensation claim.

Claimant's claim for her injuries was investigated by the Director of DCBS to determine if Copeland was an employer for purposes of the Workers' Compensation Act and, if so, whether he was a noncomplying employer. The

investigation necessarily focused on claimant's status; whether she was a "worker," ORS 656.005(30), and, if so, whether she was subject to the workers' compensation laws. ORS 656.027. The Director concluded that claimant was not a subject worker for Copeland when she was injured and, therefore, that her claim would not be assigned for processing. Claimant requested a hearing. The ALJ concluded that claimant was not a worker because she was an independent contractor or, alternatively, if she was an employee of Copeland, she was not a subject worker because her employment was casual under ORS 656.027(3).

Claimant requested review by the Workers' Compensation Board, which adopted the ALJ's findings but determined that claimant was a worker, not an independent contractor. It held, however, that the ALJ was correct that claimant was not a subject worker because her employment with Copeland was casual.

DCBS argues, in its second cross-assignment, that the Board lacked jurisdiction to review the ALJ's decision upholding the Director's determination that claimant was not a subject worker. It contends that, whether a claimant is subject to the workers' compensation law is not a "matter concerning a claim" that gives rise to Board review, but, instead, is a matter other than one concerning a claim and therefore is reviewed directly by this court pursuant to ORS 656.704(2) and ORS 183.310 to ORS 183.550.

The demarcation line between the Director's and the Board's authority to conduct hearings and to review orders is set out in ORS 656.704, which provides:

"(1)  Actions and orders of the Director of the Department of Consumer and Business Services, and administrative and judicial review thereof, regarding matters concerning a claim under this chapter are subject to the procedural provisions of this chapter and such procedural rules as the Workers' Compensation Board may prescribe.

"(2)  Notwithstanding ORS 183.315(1), actions and orders of the director and the conduct of hearings and other proceedings pursuant to this chapter, and judicial review thereof, regarding all matters other than those concerning a claim under this chapter, are subject to ORS 183.310 to

183.550 and such procedural rules as the director may prescribe. The director may make arrangements with the board pursuant to ORS 656.726 to obtain the services of Administrative Law Judges to conduct such proceedings or may make other arrangements to obtain personnel to conduct such proceedings. The director by rule shall prescribe the classes of orders issued by Administrative Law Judges and other personnel that are final, appealable orders and those orders that are preliminary orders subject to revision by the director.

"(3)   For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters do not include any disputes arising under ORS 656.245, 656.248, 656.260, 656.327, any other provisions directly relating to the provision of medical services to workers or any disputes arising under ORS 656.340 except as those provisions may otherwise provide."

■    The essential factor in determining whether review of a Director's order is by the Board or this court is whether the matter concerns a claim, which in turn means that a "worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3).

■    Claimant argues that the determination of whether she is a subject worker is a *sine qua non* of compensation. It is correct that, if she is determined to be subject to the Workers' Compensation Act by the Director, her claim will be assigned to a carrier for processing, ORS 656.054, and then her right to receive compensation and the amount will be directly in issue. Conversely, if claimant is not subject to the Act, then her claim will not be processed and she will receive no compensation. Although there is seemingly a direct line from the Director's decision to claimant's "right to receive compensation, or the amount thereof," the Director only decides *whether* claimant may seek compensation under the Workers' Compensation Act. The next step is assignment of the claim by the Director to a carrier for processing. Only then

are the claimant's right to receive compensation and the amount thereof directly in issue.

■     The assigned processing agent then will determine if the injury is compensable and, if so, what benefits are available. ORS 656.054(1). Because only a subject worker is entitled to seek compensation, the right to receive compensation is directly in issue only when a claimant is determined to be a worker. The process by which the Director determines if a putative employer and a claimant are both subject to the Act is within the administrative purview of the Director. *See* ORS 656.726(3). Because the Director's determination, affirmed by the ALJ, was not a matter concerning a claim, the Board did not have jurisdiction to review that decision, ORS 656.704, and review of the ALJ's order is pursuant to ORS 183.482. ORS 656.704(2).

■     ORS 183.413(2)(i) requires that the ALJ, in a contested case, give the parties "[a] description of the appeal process from the determination or order of the agency." *See also* ORS 656.289(3). The ALJ's opinion concluded with a "Notice to all parties" that any request for review of the order should be filed with the Workers' Compensation Board. This clearly was an incorrect statement of the appeal rights. Because the ALJ's order incorrectly advised the parties of the appeal rights and that error affected a substantial right of claimant, we remand the case to the Board for it to dismiss the request for review and remand the order to the Director for the issuance of a corrected order. *See Callahan v. Employment Division*, 97 Or App 234, 776 P2d 21 (1989).

On petition and on cross-petition, reversed and remanded with instructions to dismiss request for review and to remand order to Director for issuance of a new corrected order.