Argued and submitted July 2, reversed and remanded with instructions
November 26, 1997

In the Matter of the Compensation of
Louie J. Plumlee, Claimant.

Mary OLDHAM,
*Petitioner,*

*v.*

Louie J. PLUMLEE
and SAIF Corporation,
*Respondents,*

*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor.*

(93-01923; CA A86658)

950 P2d 918

E. Jay Perry argued the cause for petitioner. With him on the brief was Employers Defense Counsel.

G. Duff Bloom argued the cause for respondent Plumlee. With him on the brief was Coons, Cole, Cary & Wing, P.C.

Michael O. Whitty, Special Assistant Attorney General, waived appearance for respondent SAIF Corporation.

Stephanie L. Striffler, Assistant Attorney General, argued the cause for intervenor. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Employer petitioned for judicial review of an order of the Workers' Compensation Board affirming an order of the Director of the Department of Consumer and Business Services that claimant is subject to the Workers' Compensation Act. Director has intervened and argues that this case is controlled by *Lankford v. Copeland*, 141 Or App 138, 917 P2d 55 (1996), in which we held that review of nonsubjectivity determinations lies with the Court of Appeals rather than with the Workers' Compensation Board and, accordingly, the Board did not have jurisdiction in this matter. Director is correct.

■■ The issue before us is the proper disposition of the Board's order here. In *Lankford*, we recognized that the Director's order was not final because it did not provide a correct statement of the parties' rights to appeal. *See Callahan v. Employment Division*, 97 Or App 234, 776 P2d 21 (1989). We reversed the Board's order and remanded with instructions to the Board to dismiss the request for review and to remand the order to Director for issuance of a new corrected order. *Lankford*, 141 Or App at 143.

The order here also is not final because it, too, did not give the correct notice of appeal rights. However, we now conclude that, because the Board has no jurisdiction over the Director's order, it can only dismiss the request for review. Accordingly, we overrule *Lankford* only to the extent that it holds that the proper disposition is that the Board remand the order to the Director.

Reversed and remanded with instructions to dismiss request for review.