Argued and submitted September 18, 1997, reversed and remanded
January 7, 1998

In the Matter of the Compensation of
James W. Jordan, Claimant.

James W. JORDAN,
*Petitioner,*

*v.*

BRAZIER FOREST PRODUCTS,
SAIF Corporation, and
Department of Consumer and Business Services,
*Respondents.*

(95-02636; CA A96162)

952 P2d 560

Donald M. Hooton argued the cause and filed the brief for petitioner.

Steve Cotton argued the cause and filed the brief for respondents Brazier Forest Products and SAIF Corporation.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent Department of Business and Consumer Services.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Claimant seeks review of a decision in which the Workers' Compensation Board held that it did not have jurisdiction over an Order Denying Reconsideration of a Notice of Closure of claimant's claim. He argues, in effect, that an order *denying* reconsideration, to the extent that it has any significance, is in essence identical to an order *on* reconsideration, over which the Board does have jurisdiction. We hold that the Board has jurisdiction over any order that resolves a request for reconsideration of a Notice of Closure, however the order may be denominated. We therefore reverse and remand.

Claimant suffered a compensable injury in 1986. In 1992, he filed an aggravation claim; later that year, SAIF accepted that claim as part of a settlement. On November 23, 1992, a SAIF claims adjuster prepared a Notice of Closure of the aggravation claim. However, neither claimant nor his attorney received that notice until June 24, 1994. On June 28, immediately after his attorney received the notice, claimant requested reconsideration by the Department of Consumer and Business Services (the Department).[1] On July 20, the Department issued an Order Denying Reconsideration in which it refused to proceed with the reconsideration process on the ground that the request was untimely. That order contained a notice of a right to appeal by requesting a hearing before the Director of the Department (the Director). Because claimant believed, despite the notice, that the correct appeal route was to the Board, he requested that it review the order.

On review of the Department's order, SAIF did not contest the administrative law judge's (ALJ) jurisdiction or otherwise suggest that claimant had chosen the wrong appeal route. The only issue was whether the appeal from the Notice of Closure was timely, which included the issue of whether SAIF had mailed it in November 1992. The ALJ found that the appeal was timely because SAIF had failed to establish that it had mailed or otherwise served the order on

---

[1] The Department's brief on judicial review is the primary respondent's brief. In its brief SAIF adopts the Department's arguments without submitting any additional ones of its own.

either claimant or his lawyer before June 24, 1994. He therefore remanded the case to the Department to conduct the reconsideration proceeding. Neither SAIF nor claimant appealed that order to the Board.

Despite the ALJ's order, the Department on remand refused to proceed with reconsideration of the closure of the claim on the ground that the ALJ (and, thus, the Board) did not have jurisdiction over an order *denying* reconsideration. After a hearing on that refusal, a different ALJ reaffirmed that claimant had followed the correct appeal route and again remanded the case to the Department. Claimant sought Board review, objecting to the remand; in response, SAIF argued that the ALJ was without jurisdiction. The Board agreed with SAIF, holding that it had no jurisdiction over an order denying reconsideration, and denied claimant any relief. Claimant seeks judicial review of that decision.

*Former* ORS 656.268[2] establishes the procedure for closing claims. It permits an insurer to close a claim without the necessity for a determination order from the Department, ORS 656.268(4), subject to the worker's right to the Department's reconsideration in accordance with the later subsections of ORS 656.268. Departmental reconsideration, thus, is the first independent consideration of a claim that the insurer closes directly. ORS 656.268(6)(a) establishes a schedule for the reconsideration and refers to an order *on* reconsideration as the conclusion of the process. The statutes do not refer to an order *denying* reconsideration.

The Department's rules establish the procedure for seeking reconsideration of a Notice of Closure. OAR 436-30-115(1)[3] provides that the Department "shall" reconsider a

---

[2] Claimant argues that the 1995 amendments to ORS 656.268 do not apply to this case, because they apply only to claims in which the injured worker became medically stationary after June 7, 1995, and because they do not apply to changes in time limitations on any act taken before that date. Or Laws 1995, ch 332, § 66(4), (6). The Department does not appear to challenge that argument. All future references to the relevant statutes and administrative rules are to the versions that were in effect at the times involved in this case, without prefacing them with the signal *former*. Unless otherwise stated, references to the administrative rules are to the version that became effective on January 1, 1995. Although both the statutes and the rules have since been amended, the subsequent changes do not appear to affect the issues that we decide.

[3] The rule in effect when claimant filed his request for consideration, OAR 436-30-050 (repealed effective January 1, 1995), had similar but less detailed requirements than those in the rules discussed in that paragraph.

Notice of Closure upon receipt of a written request for reconsideration within 180 days from the mailing date of the notice. OAR 436-30-125(1) describes the information that the request must contain, while OAR 436-30-135(1) states on whom the claimant must serve it. Upon receipt of the request, the Department will notify the parties of the date the request was received and when they can submit additional information. It will also tell them "the last date an Order on Reconsideration can be issued and the status of their request if the Department fails to mail a reconsideration order" on time. OAR 436-30-135(3). The rules contain a number of other provisions concerning the order on reconsideration, all of which assume that a request for reconsideration will lead to an order on reconsideration that is subject to the Board's administrative review under ORS 656.283.

Despite this assumption in the rules, the Department argues that there is an essential distinction between an order *on* reconsideration, which is the result of a decision on the merits, and an order *denying* reconsideration, which occurs before any Departmental consideration of the merits. There is presently some support for that position in OAR 436-30-008(3), which provides that certain actions would be subject to the Director's review because they do not involve the payment of compensation, which is necessary for Board review under ORS 656.283. The only specific examples that the rule gives of things in that category are "orders denying reconsideration [and] jurisdictional dismissals[.]" That is the only reference in the workers compensation rules or statutes to an "order denying reconsideration."[4] The difficulty with the Department's approach is that, under the statutes, the correct appeal route depends solely on the nature of the proceeding, not on the nature of the Director's order.

In its brief, the Department argues that filing a request for reconsideration does not necessarily mean that the Department will reconsider the notice. In this case, it states, "[c]ontrary to claimant's assumption, the department did not initiate the reconsideration process,[5] because the

---

[4] In July 1994, when the Department issued the Order Denying Reconsideration in this case, the rules did not contain *any* reference to such an order.

[5] It may be more accurate to state that the Department did not *undertake* the review on the merits that a full reconsideration would entail. Under the relevant statutes and rules, claimant, by filing a request for reconsideration, inititated a reconsideration proceeding.

department determined that the request for reconsideration was not properly submitted." The Department thus appears to distinguish between orders on the merits of the request and orders dismissing the request without reaching the merits and to assume that the second category of orders does not involve a "matter concerning a claim" and thus is not subject to Board review under ORS 656.283.

The statutes do not support the Department's position. ORS 656.704(3) provides that, for the purpose of distinguishing between the Director's and the Board's authority to review decisions, a matter concerning a claim includes "those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." The statute, that is, focuses on the nature of the *proceeding*, not on the nature of the *decision*. By filing his request for reconsideration, claimant initiated a reconsideration proceeding. The issue that he wants the Department to reconsider is whether the amount of compensation that SAIF awarded in its Notice of Closure is correct. Whether the Department conducted the reconsideration or determined that the request was untimely does not affect the fact that a proceeding in which the issue was additional compensation had begun. The effect of the Department's determination that claimant's request was untimely was to terminate a proceeding whose purpose was to determine the correct amount of compensation for a claimant who has an accepted claim. That question was directly in issue.

That the Department decided that claimant was not entitled to additional compensation on procedural rather than substantive grounds does not affect the basic nature of the proceeding that claimant initiated and, thus, does not affect the route for him to appeal that decision. Because that conclusion flows directly from the statutes, the one passing reference in the rules to an order denying reconsideration does not bring it into question. The Director cannot by rule change an appellate route established by statute.

The Board and the Department rely on *Lankford v. Copeland*, 141 Or App 138, 917 P2d 55 (1996), *overruled as to disposition by Oldham v. Plumlee*, 151 Or App 402, 404, 950 P2d 918 (1997),[6] to support their position. In that case the

---

[6] Nothing in *Oldham v. Plumlee*, 151 Or App 402, 950 P2d 918 (1997), affected the merits of our decision in *Lankford*.

question in the proceeding was whether the claimant was a subject worker; the Director had concluded that she was not. Whether the claimant had a right to compensation, and if so the amount of the compensation, would be directly in issue only if she were a subject worker and thus entitled to seek compensation. The proceeding that we reviewed could determine only whether she had crossed that preliminary hurdle. For that reason, we held that the proceeding was not a matter concerning a claim and that the Board did not have jurisdiction over it. In contrast, in this case the proceeding directly involves the amount of claimant's compensation. Because the nature of the proceeding, not the nature of the decision, determines the appropriate appeal route, *Lankford* does not support the Department's position.

Claimant initiated a reconsideration proceeding when he filed a request for reconsideration. That proceeding directly involved the amount of claimant's compensation. The Department terminated that proceeding when it issued the Order Denying Reconsideration. The reason for the termination, or whether the Department engaged in any evaluation of the merits, is irrelevant to the nature of the proceeding that claimant initiated and to the Board's jurisdiction to review the merits of the termination. The Board erred when it ruled otherwise.

Reversed and remanded.