Argued December 20, 1976, affirmed January 17, 1977

WOOD, *Appellant,*
*v.*
WHITE, *Respondent.*
(No. 36-159, CA 6640)
558 P2d 1289

Edward N. Fadeley, Eugene, argued the cause and filed the briefs for appellant.

James M. Gillis, Newport, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Plaintiff seeks to be declared the sole recipient of her father's estate. The trial court entered a decree declaring that defendant Hazel White is decedent's widow and that plaintiff is the only child of decedent claiming under the estate.[1] Accordingly, it ordered that the estate be distributed one-half to plaintiff and one-half to defendant. Plaintiff appeals contending that the trial court erred in finding that the defendant was legally married to the decedent.

Prior to her marriage to decedent in Reno, Nevada, on November 24, 1973, defendant was married to decedent's son. She petitioned for dissolution of that marriage in Lincoln County on May 10, 1973. On June 21, 1973, on defendant's motion, the circuit court entered an order waiving the 90-day waiting period imposed in dissolution cases by ORS 107.065.[2] A decree of dissolution of marriage was thereafter entered on July 10, 1973.

It is undisputed that waiver of the 90-day waiting

---

[1]The decedent was survived by three children including plaintiff. The other two children were joined in this action as defendants. However, they have made no claim against the estate and have expressly renounced their rights as heirs of the decedent. A default judgment was entered in this action against them. All references in this opinion to the defendant pertain to defendant Hazel White.

[2]ORS 107.065 provides:

"(1) Except as provided in ORS 107.095 and in subsection (2) of this section, no trial or hearing on the merits in a suit for the dissolution of a marriage shall be had until after the expiration of 90 days from the date of:

"(a) The service of the summons and petition upon the respondent; or

"(b) The first publication of summons under ORS 15.140.

"(2) The court may in its discretion, on written motion supported by affidavit setting forth grounds of emergency or necessity and facts which satisfy the court that immediate action is warranted or required to protect the rights or interest of any party or person who might be affected by a final decree or order in the proceedings, hold a hearing and grant a decree dissolving the marriage prior to the expiration of the waiting period. In such case the grounds of emergency or necessity and the facts with respect thereto shall be found and recited in the decree."

period was improper because the affidavit in support of defendant's motion for waiver did not set forth any grounds of emergency or necessity as required by ORS 107.065(2). Moreover, in further noncompliance with the statute, no such grounds were set forth in the decree of dissolution. Plaintiff argues that this admitted error renders the dissolution decree void. Therefore, plaintiff argues, since defendant was still legally married to decedent's son, her subsequent marriage to decedent was invalid and she is not entitled to any portion of his estate.

It is well settled that a judgment or decree is not subject to collateral attack except for voidness. *Travelers Insurance Co. v. Staiger,* 157 Or 143, 148, 69 P2d 1069 (1937). A void judgment arises only when the rendering court lacks either jurisdiction over the parties or over the subject matter. *Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 611, 510 P2d 845 (1973); *State v. Briggs,* 245 Or 503, 420 P2d 71 (1966); *Van Natta v. Columbia County,* 236 Or 214, 388 P2d 18 (1963); *Ulrich v. Lincoln Realty Co.,* 175 Or 296, 304, 153 P2d 255 (1944). Therefore, the issue is whether the erroneous waiver of the statutory waiting period in defendant's dissolution deprived the circuit court of jurisdiction in that matter, thus making the decree therein subject to attack in this collateral proceeding. Plaintiff contends that it did because jurisdiction in dissolution of marriage cases is of statutory origin and therefore a court must strictly comply with statutory prerequisites before it obtains subject matter jurisdiction in such a case.

Subject matter jurisdiction in dissolution of marriage cases is founded on domicile. *Williams v. North Carolina II,* 325 US 226, 229, 65 S Ct 1092, 89 L Ed 1577, 157 ALR 1366 (1945); *see also* ORS 107.075. Although strict application of procedural statutes may be appropriate in dissolution cases, it does not follow that any error in applying such statutes divests the court of subject matter jurisdiction. As noted by the Supreme Court of Michigan, in a similar case, there is

[ 178 ]

a fundamental distinction between the absence of jurisdiction and the erroneous exercise of that jurisdiction.

> "When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist. But in cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It may not be called in question collaterally." *Bank & Trust Co. v. Fredrick,* 271 Mich 538, 544-45, 260 NW 908, 909 (1935).

We conclude that the waiver of the statutory waiting period in defendant's dissolution was merely error in the exercise of properly obtained jurisdiction. Accordingly, the waiver, however improper, does not render the dissolution void and subject to attack in this proceeding.

Affirmed.