CALLAHAN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(85-AB-15 and 85-AB-1077; CA A34853)

722 P2d 1275

Robert A. Callahan, Portland, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of an Employment Appeals Board (EAB) order affirming the referee's decision that restaurant "tips" are not wages for the purpose of calculating unemployment benefits. We affirm.[1]

Claimant was employed as a waiter from August 8, 1982, through July 14, 1984. He was paid $3.10 per hour and was given meals valued for accounting and tax purposes at $1.50 each. He also received tips in three different ways: (1) cash tips left on the table or paid directly to him by customers; (2) tips charged on credit cards and paid to him in cash by the employer at the end of his shift; and (3) a mandatory 15 percent service charge levied by the employer on groups of seven or more and paid in cash at the end of his shift. The employer had a "house policy" which required that claimant split his tips with persons busing tables and serving cocktails. The former received a minimum of one percent of claimant's gross sales for the shift and the latter a minimum of 12 percent of the bar bills of customers served by claimant. If claimant failed to split his tips, he would be terminated.

EAB affirmed the referee, deciding, *inter alia,* that claimant was not entitled to wage credits for any of the tips he received.[2] The issue is whether the tips constitute wages for the purpose of calculating unemployment benefits. *See* ORS 657.105; ORS 657.150. Resolution of the issue is governed by *former* OAR 471-31-050, which provided:

"Gifts, tips, or other gratuities received by an employe during the course of his employment from persons other than his employer are not wages. The Administrator, however, reserves the right, based on the facts in each particular case, to

---

[1] After the referee had affirmed the administrative decision, EAB remanded for further factfinding. Claimant petitioned for judicial review of the remand order. We allowed claimant's motion to stay review pending a final order. After EAB issued its final order, we allowed claimant's motion to renew and ruled that the petition for review is deemed to request review of the final order.

[2] EAB also decided that claimant was given wage credits for amounts shown as meals and that he was not entitled to wage credits for "tip credits." EAB explained "tip credits":

"In certain instances tips can be used as a credit by the employer to make up the difference between the amount actually paid and the requisite minimum wage required by law. This procedure is permissible when the employer is subject to the federal minimum wage requirements but not when the state's law is applicable."

determine whether or not the gift, tip, or gratuity is in fact a bonus, fee, or prize given as a reward or added remuneration for services rendered."[3]

Claimant does not argue that the rule is inconsistent with the statutory definition of wages, ORS 657.105(1). *See, e.g., Springfield Education Assn. v. School Dist.*, 290 Or 217, 227, 621 P2d 547 (1980); *Fajer v. Dept. of Human Resources*, 51 Or App 105, 111, 625 P2d 140, *rev den* 291 Or 151 (1981). His argument is that his tips are wages, because he did not receive them from "persons other than his employer." As to the tips charged on credit cards and the mandatory 15 percent service charge, he contends that he received them from his employer, because the employer collected the tips and disbursed them to him in cash. As to the cash tips, he argues that he constructively received them from his employer because the employer, through its "house policy," maintained a high degree of control over those tips. We disagree.

The rule focuses on the source of the tips, the pocket from which the money came. The employer's exercise of control over the tips in the form of its "house policy" does not change the source of the tips. Thus, all of his tips were received from "persons other than his employer."

Affirmed.

---

[3] OAR 471-31-050 was amended in February, 1985, effective January 1, 1986, and provides:

"Gifts, *other than tips or gratuities,* received by an employe during the course of employment from persons other than the employer are not wages. The Administrator, however, reserves the right, based on the facts in each particular case, to determine whether or not the gift is in fact a bonus, fee, or prize given as a reward or added remuneration for services rendered." (Emphasis supplied.)

Apparently, the amended rule is in response to the amendement of ORS 657.117 by Or Laws 1985, ch 507, sec 2, which provides in part:

" 'Wages' as used in ORS 657.105 shall include:

"* * * * *

"(2) Tips reported by the employer pursuant to section 3306 of the Internal Revenue Code of 1954, as amended."

Effective January 1, 1986, § 3306(s) of the Internal Revenue Code provides that tips reported pursuant to section 6053(a) of the code are "wages" for the purposes of the federal unemployment tax. *See* 26 USC § 3306(s) (1986).