Submitted on record and briefs February 21, affirmed June 14, 1989

# CALLAHAN,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

(88-S-6-A; CA A47807)

776 P2d 21

Robert A. Callahan, Portland, filed the briefs *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks judicial review of a decision upholding interception of part of his homeowner and renters' refund to pay costs previously awarded in an unemployment compensation proceeding.[1] We affirm.

In 1986, petitioner sought review of an order of respondent. We affirmed on July 23, 1986. *Callahan v. Employment Div.*, 80 Or App 401, 722 P2d 1275, *rev den* 302 Or 158 (1986). Petitioner petitioned the Supreme Court, but review was denied. Seven days later, the Supreme Court held in *Shetterly, Irick & Shetterly v. Emp. Div.*, 302 Or 139, 727 P2d 117 (1986), that ORS 20.120 does not authorize an award of costs against a private party in a contested case governed by the APA. Nonetheless, we thereafter entered an appellate judgment awarding costs against petitioner. He did not seek reconsideration or withdrawal of the judgment.

In 1987, the Oregon Department of Revenue notified petitioner that respondent had intercepted part of his property tax refund to recover its judgment pursuant to ORS 293.235-293.260. He filed a request for hearing, and the referee ruled in favor of respondent.

1.      The referee mailed his original order to petitioner on January 5, 1988. It stated, in part, "See ORS 657.270(3) and enclosures for further Rights of Review." That language was incorrect, because no appeal to the Employment Appeals Board lies for decisions made pursuant to ORS 293.235 *et seq.* On January 15, 1988, petitioner asked EAB to review the referee's decision. On February 1, 1988, EAB declined review and told petitioner that his case was being returned to the Employment Division without further action by EAB. On February 18, 1988, an amended order was mailed to petitioner by the referee. It contained the correct notification. Petitioner filed his petition for review on March 23, 1988, more than sixty days after the original order but less than 60 days after the amended order. ORS 183.482.

The first issue is whether the petition is timely. We

---

[1] In *Callahan v. Employment Div.*, 80 Or App 401, 722 P2d 1275, *rev den* 307 Or 158 (1986), we affirmed the referee's decision that restaurant tips are not wages for purposes of calculating unemployment benefits. We awarded a judgment for costs to respondent.

hold that it is. ORS 183.470(4) provides: "Every final order shall include a citation of the statutes under which the order may be appealed." The January 5 order did not comply with ORS 183.470(4). In *Mullinax v. Mullinax,* 292 Or 416, 430, 639 P2d 628 (1982), the court distinguished amendments of judgments that correct clerical errors from those amendments that have an adverse effect upon the determination of the rights and obligations of parties, including their right to appeal. The court held that entry of an amended judgment that constituted a material change in the rights of the parties superseded the original judgment so that the time to appeal ran from the date of the amended judgment. The *Mullinax* rationale has since been applied in an administrative law context in *1000 Friends of Oregon v. LCDC (Clatsop Co.),* 301 Or 622, 724 P2d 805 (1986).[2] *See also Chisholm v. SAIF,* 277 Or 51, 559 P2d 511 (1977), *adopting* Chief Judge Schwab's dissent in the same case. *Chisholm v. SAIF,* 26 Or App 627, 631, 553 P2d 1083 (1976). Here, because ORS 183.470(4) makes a notice of appeal rights a material part of a final order, the effect of the amended order was to supersede and replace the original order. Consequently, the time to petition for review did not begin until the Employment Division issued its amended order on February 18, 1988.[3]

**2.** Petitioner argues that we lacked subject matter jurisdiction to award costs after the Supreme Court's ruling in *Shetterly, Irick & Shetterly v. Emp. Div., supra.*[4] If we lacked subject matter jurisdiction, the judgment was void and respondent was without authority to enforce it. If we had subject matter jurisdiction, then the judgment, although

---

[2] *1000 Friends of Oregon v. LCDC (Clatsop Co.), supra,* is distinguishable, because the court held there that a factual error not affecting a matter necessary to the initial determination would not affect the reviewability of the first order.

[3] The amended order, which we hold to supersede the original order, was issued less than 60 days after the original order. We do not decide what the result might have been had the 60 day time run before the referee issued the amended order.

[4] In *Shetterly,* the court recognized that ORS 183.495, ORS 183.497 and ORS 20.120 were ambiguous as to whether costs could be allowed against a private party in a contested case governed by the APA. A review of the legislative history of ORS 183.497 revealed that the legislature specifically considered and decided not to authorize recovery of costs against a private party in a proceeding against a state agency. The court concluded that the legislative intent would be defeated if ORS 20.120 were applied to a contested case governed by the APA. Therefore, ORS 20.120 does not "authorize" the award of costs to respondent.

erroneous, was merely voidable. A judgment debtor cannot collaterally impeach a judgment for errors of law or irregularities that do no more than render it erroneous. *Schmid v. City of Portland,* 83 Or 583, 163 P 1159 (1917); *Baker v. Munro,* 71 Or App 164, 692 P2d 126 (1984), *rev den* 298 Or 822 (1985).

**3, 4.** Subject matter jurisdiction depends on whether the court has the authority to make an inquiry. It exists when the constitution or a statute authorizes the court to do something about the dispute. *See School Dist. No. 1, Mult. Co. v. Nilsen,* 262 Or 559, 567, 499 P2d 1309 (1972). ORS 183.497 generally empowers courts to award costs, giving us jurisdiction over the subject matter. *See Shetterly, Irick & Shetterly v. Emp. Div., supra; Gowin v. Heider,* 237 Or 266, 323-325, 386 P2d 1, 391 P2d 630 (1964). Our erroneous exercise of jurisdiction cannot be called in question collaterally. *See Wood v. White,* 28 Or App 175, 558 P2d 1289 (1977). Hence, the judgment is voidable, not void, and is not subject to collateral attack.

Affirmed.