Argued and submitted July 8, affirmed December 23, 1992

John Stephens HERMENS,
*Respondent,*

*v.*

Kim Elizabeth VEAL,
*Appellant.*

(1025; CA A72993)

843 P2d 1013

Melanie E. Mansell, Sheridan, argued the cause and filed the brief for appellant.

Robert A. Payne, McMinnville, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Mother appeals from an order denying her motion to vacate a default judgment awarding custody of their minor child to father. We affirm.

Mother and father are both domiciled in Oregon. They lived together for almost two years, and a child was born. When they separated, the child went with mother. Father sought to establish paternity and to obtain custody of the child. After mother did not respond to the petition for custody and paternity, father obtained an order of default. He later obtained a judgment establishing paternity and awarding him custody. Mother then moved to vacate it, but her motion was denied.

Mother's sole argument is that, because father's affidavit in support of the default judgment did not comply with ORS 107.095(4),[1] the trial court had no subject matter jurisdiction to issue the default judgment. We agree with mother that ORS 109.103[2] requires unmarried parents to comply with ORS 107.095(4) and that, under that statute, unmarried parents seeking a default in a custody proceeding must include the residence of the child and the length of time at that residence in the affidavit supporting the motion for a default judgment. However, we disagree that father's failure

---

[1] ORS 107.095(4) provides:

"In a suit for annulment or dissolution of marriage or for separation, wherein * * * the respondent is found by the court to be in default * * * the court may, when the cause is otherwise ready for a hearing on the merits, in lieu of such hearing, enter a decree * * * based upon a current affidavit of the petitioner * * * setting forth a prima facie case, and covering such additional matters as the court may require. If child support or custody of minor children is involved, then the affidavit shall also include:

"(a) The net monthly income of each party, to the best of affiant's knowledge; and

"(b) The name of the party with whom the children currently reside and the length of time they have so resided."

[2] ORS 109.103 provides:

"If a child is born out of wedlock and paternity has been established, either parent may initiate a civil proceeding to determine the custody or support of the child. * * * The parents shall have the same rights and responsibilities regarding the custody and support of their child that married or divorced parents would have, *and the provisions of ORS 107.095 to 107.425 that relate to the custody or support of children shall be applicable to the proceeding*." (Emphasis supplied.)

to comply with ORS 107.095(4) deprived the court of subject matter jurisdiction, thus rendering the judgment void.

■■ A judgment is void if the trial court lacks either subject matter or personal jurisdiction. *Wood v. White*, 28 Or App 175, 558 P2d 1289 (1977). Subject matter jurisdiction in custody cases is founded on domicile. ORS 109.730. In *Wood*, we held that, although strict application of procedural statutes may be appropriate in dissolution cases, it does not follow that any error in applying the statutes divests the court of subject matter jurisdiction. The same is true in child custody cases. As we said in *Wood*: "There is a fundamental distinction between the absence of jurisdiction and the erroneous exercise of that jurisdiction." 28 Or App 178. Here, the court erroneously exercised its jurisdiction when it entered a default judgment despite father's non-compliance with ORS 107.095(4). However, because both the parents and the child were domiciled in Oregon, the court retained subject matter jurisdiction, and the judgment is not void.

Affirmed.