Argued and submitted December 18, 1995, affirmed on appeal and cross-appeal March 27, petition for review denied September 3, 1996 (324 Or 176)

In the Matter of the Marriage of

Jeffrey WATANABE,
*Appellant - Cross-Respondent,*

*and*

Diana L. WATANABE,
*Respondent - Cross-Appellant.*

(9402-61354; CA A86609)

914 P2d 701

James E. Leuenberger argued the cause and filed the briefs for appellant - cross-respondent.

Todd L. Van Rysselberghe argued the cause for respondent - cross-appellant. With him on the brief were Eric Young and Kennedy, King & Zimmer.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Husband appeals the trial court's denial of his motion for judgment on the pleadings and its dismissal of his petition for dissolution on the ground that an earlier dissolution proceeding had resulted in a valid dissolution of the parties' marriage. Wife cross-appeals the court's supplemental judgment denying her request for attorney fees. We affirm and write only to address the validity of the earlier judgment of dissolution.

The facts are not in dispute. The parties were married in 1974. On April 3, 1987, wife petitioned for dissolution in circuit court. On November 16, 1988, she informed the court that the parties by agreement had "fully compromised and settled." On November 23, 1988, the court entered an order stating that the case would be dismissed 30 days after the date of the order, and that the "Order shall not be rescinded without an Order of Reinstatement." Five days after the 30-day period had expired, and without having moved to reinstate the case, wife submitted a proposed judgment that incorporated the parties' marital settlement agreement. The court entered judgment on January 4, 1989, which it modified by stipulation on May 4, 1992.

On February 16, 1994, husband filed the petition for dissolution that is the subject of this action. The trial court ruled that, despite the "technical malfunction of the court system in the previous dissolution proceeding," the parties were validly divorced by the judgment entered on January 4, 1989. It dismissed husband's action.

Husband assigns error to that ruling. He argues that the judgment in the 1989 dissolution proceeding was "void for want of jurisdiction," because that proceeding was dismissed and was not reinstated before judgment was entered. Wife responds that the previous judgment was valid and not subject to collateral attack, because the court had both personal and subject matter jurisdiction.

It is well established in Oregon that "if a court has jurisdiction over the parties and the subject matter, the ensuing judgment, even if erroneous, is not void and cannot be collaterally attacked." *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265

Or 603, 611, 510 P2d 845 (1973); *Wood v. White*, 28 Or App 175, 178, 558 P2d 1289 (1977). Subject matter jurisdiction depends on whether a court has constitutional or statutory authority to make an inquiry. *Callahan v. Employment Division*, 97 Or App 234, 238, 776 P2d 21 (1989). In dissolution cases, subject matter jurisdiction is founded on domicile. ORS 107.075; *Wood*, 28 Or App at 178. Personal jurisdiction requires valid service pursuant to ORCP 7 and, as applicable here, local presence or status as described in ORCP 4.

■ There is a fundamental difference between the lack of jurisdiction and the erroneous exercise of that jurisdiction. *Hermens v. Veal*, 117 Or App 316, 319, 843 P2d 1013 (1992); *Wood*, 28 Or App at 179. Consequently, a procedural error in a dissolution case by a court that otherwise has both subject matter and personal jurisdiction does not divest the court of jurisdiction so as to render its judgment void and subject to collateral attack. *Wood*, 28 Or App at 178-79; *see also Rogue Val. Mem. Hosp.*, 265 Or at 611 (failure to comply with lien's time limitation did not render judgment void and subject to collateral attack where court had subject matter and personal jurisdiction); *Hermens*, 117 Or App at 319 (procedural error in custody case was erroneous exercise of jurisdiction but did not divest court of jurisdiction or render judgment void); *Baker v. Munro*, 71 Or App 164, 167, 692 P2d 126 (1984), *rev den* 298 Or 822 (1985) (where court had personal and subject matter jurisdiction, erroneous judgment in annulment proceeding could not be collaterally attacked for errors of law or irregularities in practice).

■ In this case, even assuming that the trial court made a procedural error, it unquestionably had jurisdiction over the subject matter and over the parties when it entered judgment in 1989 dissolving the parties' marriage. Accordingly, even an improper exercise of that jurisdiction would not render that judgment void and subject to collateral attack in a subsequent proceeding. *Wood*, 28 Or App at 179. The trial court did not err in dismissing husband's petition for dissolution.

Affirmed on appeal and cross-appeal. On appeal, costs to wife. No costs to either party on cross-appeal.