IN THE TAX COURT OF THE
STATE OF OREGON

DEPARTMENT OF REVENUE
*v.*

Walter FROMAN,
Sheila Froman,
and Clackamas County Assessor

(TC 4304)

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented Plaintiff (the department).

Walter and Sheila Froman, Defendants (taxpayers), appeared *pro se.* They filed a Response to Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment.

Susie Huva, Assistant County Counsel, Clackamas County Counsel, represented Defendant (county).

Decision for Defendants rendered April 8, 1999.

## CARL N. BYERS, Judge.

The Department of Revenue (the department) appeals from (1) an Order Denying Motion to Dismiss and (2) a Judgment; both entered by the Magistrate Division. The department also filed a protective appeal from an Order Denying Motion to Intervene. The department seeks a determination denying taxpayers any relief on both procedural and substantive grounds. Defendants Walter and Sheila Froman (taxpayers) and Clackamas County (county) filed answers opposing any change in the Judgment. There is no dispute of material fact, and the matter is before the court on Plaintiff's Motion for Summary Judgment and Clackamas County's cross motion for summary judgment.

FACTS

Taxpayers' 1997-98 Property Tax Statement showed a maximum assessed value based on the 1995 real market value of $287,130. Taxpayers purchased the subject property in April 1996 for $265,000. Because the property had suffered some damage, taxpayers knew the value had not been increasing.[1] Taxpayers called the county assessor's office to inquire about appealing. Taxpayers were told that if they were appealing value, then they needed to appeal to the board of property tax appeals. However, if they were appealing the amount of tax, then they must appeal directly to the Magistrate Division of the Oregon Tax Court.

On January 6, 1998, taxpayers filed a Complaint in the Magistrate Division of this court. In accordance with ORS 305.501,[2] Clackamas County was named as the Defendant. A copy of the Complaint was served on the department, but it did not intervene. The county's Answer raised a question as to the "appropriate jurisdiction for the 1997-98 tax year

---

[1] If the damage caused the value of the property to decrease from 1995 until the purchase in April 1996, then the 1995 real market value on the roll could have been correct.

[2] All references to the Oregon Revised Statutes are to 1997.

under appeal." The magistrate treated it as a motion to dismiss on the ground that the Complaint was filed in the wrong place. As a result of a telephone conference, the county and taxpayers agreed that, if the court denied the county's motion to dismiss and asserted jurisdiction over the case, then the real market value of the property as of July 1, 1995, would be set at $255,378.

On March 16, 1998, the Magistrate Division issued an order denying the county's motion to dismiss. Although the magistrate acknowledged that taxpayers should have first appealed to the board of property tax appeals; nevertheless, he found the court had jurisdiction under ORS 305.288(2), which he quoted, in relevant part, as follows:

> " 'The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year * * * if, * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure * * * to pursue the statutory right of appeal.' "

The magistrate found that confusion surrounding the changes resulting from the passage of Measure 50 constituted "good and sufficient cause" for taxpayers not filing timely with the board of property tax appeals. Accordingly, the magistrate held that taxpayers could contest their 1997-98 maximum assessed value.

In light of this ruling, another magistrate signed a Judgment based on the stipulation of the parties, setting the real market value for the property as of July 1, 1995, at $255,378. The Judgment also ordered a refund for the 1997-98 tax year due to the reduction in maximum assessed value. The Judgment was entered the same day as the order denying the county's motion to dismiss. On May 15, 1998, the department appealed to the Regular Division from the Order Denying Motion to Dismiss and from the Judgment.

Later, the department delivered a Motion to Intervene and Amended Motion to Vacate Judgment to the Regular Division. Because the Judgment had been issued by the Magistrate Division, the court clerk referred that motion to

the Magistrate Division. A magistrate denied the department's Motion to Intervene. Based on that ruling, the magistrate held that the Amended Motion to Vacate Judgment was moot. The department has filed a protective appeal from that order.

## ANALYSIS

ORS 305.425(3), which applies to the Tax Court generally, indicates that:

> "[T]he rules of practice and procedure promulgated by the court * * * shall conform, *as far as practical* to the rules of equity practice and procedure in this state." (Emphasis added.)

In accordance with this statute, each division of the court has adopted rules and procedures based on the rules of equity practice.

■ Under the usual rules of equity practice in this state, a nondispositive order is not appealable. If a court errs in ruling on a nondispositive motion, then the parties must wait until a dispositive order or decision is entered before an appeal can be taken. ORS 19.205. That rule is intended to protect parties from piecemeal appeals and is based on a need for efficiency and economy in the courts. *Dlouhy v. Simpson Timber Co.*, 247 Or 571, 431 P2d 846 (1967). Consistent with that rule, nondispositive orders by the Magistrate Division are not appealable to the Regular Division. Inasmuch as the magistrate's order denying the county's motion to dismiss was not a dispositive order, the department could not appeal from it until a dispositive decision was entered.

The department claims the right to appeal from the Judgment issued by the Magistrate Division on the ground that it constitutes a written "decision." Due to the unusual nature of the Tax Court, it has been necessary to depart from the usual rules of equity practice and procedure with respect to appeals from judgments. This is not the only exception. *See e.g.*, *Dept. of Rev. v. Ritchie Chevron, Inc.*, 14 OTR 406, (1998).

■ The Oregon Tax Court is one court with two divisions. The Magistrate Division is intended by the legislature

to be informal and user friendly. It is not a court of record. Appeals from the Magistrate Division to the Regular Division are heard *de novo*. Because the Tax Court is a single court, it can issue only one judgment for each claim. ORS 305.501(5)(a) provides that any party dissatisfied with a "decision" of the magistrate has 60 days to appeal to the Regular Division. Accordingly, the Magistrate Division rules provide that if the decision is not appealed within 60 days, it becomes final and the Magistrate Division then issues a judgment. Judgments issued by the Magistrate Division are therefore not appealable. Only judgments issued by the Regular Division are appealable, and those to the Oregon Supreme Court.

■     Thus, neither of the two points of the department's first attempt to appeal (appealing from the Order Denying Motion to Dismiss and appealing from the Judgment issued by the magistrate) is valid. The department asserts that entering the order and the Judgment on the same date was an error. This claim is made because the department is left without any opportunity to appeal. However, there was no error. There was no need to wait 60 days after entry of the Order Denying Motion to Dismiss because that order was not appealable. Also, where the parties stipulate to a judgment, that judgment is not appealable. The department was left without opportunity to appeal because it did not intervene in the case and because the case was resolved by stipulation of the parties. The department's error was in relying upon its right to appeal a decision of the Magistrate Division even though it was not a party to the case. ORS 305.501(5)(b). Where the parties stipulate to a judgment, there is no "decision" from which to appeal.[3]

The department has a duty to supervise the property tax system and to see that all property is taxed in accordance with the laws. ORS 306.115. Undoubtedly, the legislature gave the department the right to appeal a magistrate's decision, even though it was not a party, in order to strengthen its position in supervising the property tax system. To protect

---

[3] That problem is unlikely to occur again because the Magistrate Division now issues a written appealable decision approving settlement agreements. Judgments in such cases will issue only after the 60-day appeal period has expired.

itself against stipulated judgments, the department can either: (1) intervene in a case or (2) exercise its supervisory authority and prohibit stipulations inconsistent with department orders. Whatever action the department takes, it cannot ask the court to treat it differently from other litigants. Neither the Order Denying Motion to Dismiss nor the Judgment was appealable to the Regular Division.

The department's second effort to appeal in this case was initiated by filing a document entitled MOTION TO INTERVENE AND AMENDED MOTION TO VACATE JUDGMENT. This document was delivered to the Regular Division. However, the document bore the heading "In The Magistrate Division," carried a Magistrate Division case number, and the motions pertained to an order and Judgment of the Magistrate Division. Also, because the department was the Plaintiff in the Regular Division and would not need to intervene, the motions were administratively transferred to the Magistrate Division. After the Magistrate Division issued an Order Denying Motion to Intervene, treating the Amended Motion to Vacate Judgment as moot, the department filed a Notice of Protective Appeal and Renewal of Motion in the Regular Division.

The department is attempting to collaterally attack the Judgment issued by the Magistrate Division on the grounds that it is void for lack of jurisdiction. The department argues that none of the statutory grounds as set forth in ORS 305.288 was met. Whether that is true or not, the magistrate did not exceed the court's jurisdiction in finding "good and sufficient cause."

The department also contends that the magistrate erred in allowing the taxpayers to seek a change in the 1995-96 real market value in order to reduce their 1997-98 maximum assessed value. As to this latter point, the Regular Division recently issued a decision in *Ellis v. Lorati*, 14 OTR 525 (1999), holding that Measure 50 does not allow for revision or corrections of the real market value on the roll as of July 1, 1995. However, at the time of the magistrate's Decision, *Lorati* had not yet been overturned, and the magistrate was adjudicating based on current law.

Nevertheless, even assuming two errors were made, they do not render the Judgment void. The basic rule, as

expressed in *Jackson City Bank & Trust Co. v. Fredrick*, 271 Mich. 538, 544-45, 260 NW 908, 909 (1935), and quoted by the court in *Wood v. White*, 28 Or App 175, 179, 558 P2d 1289 (1977), is as follows:

> " 'When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist. But in cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It may not be called in question collaterally.' " (Citation omitted.)

If the magistrate's finding of jurisdiction under ORS 305.288(2) was in error, then it was not without or beyond the court's jurisdiction. Therefore, the Judgment issued by the Magistrate Division was not void and is not subject to collateral attack. Now, therefore,

IT IS ORDERED that the Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant Clackamas County's cross motion for summary judgment is granted.