Omar L. McGUIRE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4374)

Omar McGuire Plaintiff (taxpayer) filed the Complaint and relied on testimony given at a hearing conducted by the Department of Revenue on May 5, 1998.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for and against Defendant rendered September 3, 1999.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from the denial of a veterans' property tax exemption. Initially, the assessor denied

the exemption and taxpayer appealed to Defendant Department of Revenue (the department). When the department ruled against taxpayer, he then appealed to the Magistrate Division of this court. The magistrate's decision held that taxpayer was entitled to a veterans' exemption for 1995-96 but not for 1996-97. Taxpayer then appealed the 1996-97 tax year to the Regular Division. The department did not appeal the 1995-96 tax year. The matter is before the court on the department's Motion for Summary Judgment. Although there was confusion concerning the facts, there appears to be no disagreement.[1]

## FACTS

Taxpayer owns real property in Lane County, the title of which is held under a revocable living trust. For a number of years, taxpayer received a veterans' property tax exemption for the property. The veterans' property tax exemption must be applied for every year. On March 29, 1995, the Lane County Assessor's Office sent a letter to taxpayer explaining that the department required the assessor to obtain a copy of the trust to be kept on file. The assessor is under a duty to verify that the trust meets the conditions for the veteran's property tax exemption. No copy was provided and, on April 14, 1995, the assessor wrote a follow-up letter to taxpayer renewing the request for a copy of the trust agreement. Taxpayer then went to the assessor's office and discussed the request with the exemption clerk. Out of privacy concerns, taxpayer refused to give the clerk a copy of the trust agreement and instead offered a copy of a deed. The assessor's staff indicated that the deed was not adequate. In view of taxpayer's refusal to provide a copy of the trust agreement, the assessor's office denied the exemption for the 1995-96 tax year.

Because the property did not receive a veterans' exemption in 1995-96, the assessor's office did not mail an application to taxpayer for the 1996-97 tax year. In November 1996, taxpayer requested an application form. Taxpayer received the application, completed it, and filed it in January

---

[1] At the case management conference, the court agreed to listen to the tape of the department's hearing and then, after considering the written arguments of the parties, rule on the department's Motion for Summary Judgment.

1997. Although it was marked for the 1996-97 tax year, it was filed so late that the assessor's office assumed it was for the 1997-98 tax year. Meanwhile, the department clarified that the assessor did not need a complete copy of the trust agreement but only those portions pertaining to the requirements of the statute. With this clarification, taxpayer provided copies of those portions of the trust agreement, and the assessor granted the application for the 1997-98 tax year. However, taxpayer was still concerned about the 1996-97 tax year and asked for another application. Taxpayer received another application in May 1997, which he completed and filed with the assessor's office. The assessor denied that application on May 20, 1997, because it pertained to the 1996-97 tax year and was filed late.

## ISSUE

Is taxpayer entitled to a veterans' property tax exemption for the 1996-97 tax year?

## ANALYSIS

ORS 307.250[2] grants a limited property tax exemption to certain veterans or their surviving spouses. One of the requirements of ORS 307.270 is that the applicant own the property sought to be exempt. The department has adopted OAR 150-307.250 which provides:

> "To receive an exemption on property that is held in a trust, the trust must be clearly identified as revocable for the specific property on which a claim for exemption is filed under ORS 307.250 and an application is made as required in ORS 307.260."

Regrettably, this dispute was born of and sustained by misunderstanding. Taxpayer's concerns about privacy caused him to refuse to comply with the law. The assessor's exaggerated demand that taxpayer furnish a complete copy of the trust agreement contributed to taxpayer's reticence. Taxpayer was not familiar with the law, which led to further misunderstandings. For example, taxpayer's Complaint alleges mitigating circumstances for the late filing of the application for the 1996-97 tax year in that he was out of

---

[2] All references to the Oregon Revised Statutes are to 1995.

town until May 12, 1997. Since the application had to be filed by April 1, 1996, over one year earlier, taxpayer's trip in 1997 was irrelevant.

■ The magistrate found that taxpayer was entitled to a veterans' property tax exemption for the 1995-96 tax year. That finding was in error. Taxpayer had not furnished the information required nor did he timely appeal from the denial of the exemption. However, neither Lane County nor the department appealed from that determination of the magistrate. The department's Motion for Summary Judgment now asserts that the magistrate's order is without legal authority. However, the magistrate had both subject matter jurisdiction and jurisdiction of the parties. Once personal and subject matter jurisdiction are shown to be present, any errors must be directly appealed. *Watanabe v. Watanabe*, 140 Or App 85, 87, 914 P2d 701 (1996); *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 611, 510 P2d 845 (1973). If Lane County or the department believed that the decision of the magistrate was erroneous, then they were obligated to appeal. Neither party appealed and; therefore, the magistrate's decision is now final. *Dept. of Rev. v. Froman*, 14 OTR 543 (1999).

■ The only tax year before the court is the 1996-97 tax year. The only issue before the court is whether the department abused its discretion in refusing to grant taxpayer the exemption. The court finds that the department did not abuse its discretion. Taxpayer failed to apply for the exemption by April 1, 1996, as required by ORS 307.260. It appears that taxpayer did not request an application form until after the time allowed to obtain an exemption. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted with regard to the 1996-97 tax year but denied with regard to the 1995-96 tax year. Costs to neither party.