LINCOLN COUNTY ASSESSOR,
*Plaintiff,*

*v.*

J. Courtney JONES
and Dolores M Jones,
*Defendants.*

(TC 4464)

Rob Bovet, Lincoln County Assistant County Counsel, Newport, filed the motion for Plaintiff (the county).

Courtney and Dolores Jones, Defendants (taxpayers), filed a response.

Decision for Defendants rendered December 7, 2000.

**CARL N. BYERS, Judge.**

Plaintiff Lincoln County Assessor (the assessor) appeals from a magistrate Decision holding that the assessor may not correct a property's 1995-96 real market value (RMV) under ORS 311.205.[1] The assessor claims the correction can be made in order to implement Measure 50, now Article XI, section 11, of the Oregon Constitution. There is no dispute of material facts, and the matter has been submitted to the court on the assessor's motion for summary judgment.

---

[1] All references to the Oregon Revised Statutes are to 1997.

## FACTS

Defendants (taxpayers) are owners of a condominium unit in Lincoln City. The unit is in a three-story complex of 24 units, plus covered parking and a manager's apartment. The complex was initially operated as a motel. As such, it had a single tax-account number and a single total assessed value. In June 1995, the motel was converted into condominium units. ORS 100.555 requires condominium units to be separately assessed and taxed. Therefore, the assessor had to assess each newly created unit for the July 1, 1995, assessment date. Due to the shortness of time, instead of separately appraising each unit, the assessor allocated the assessed value of the motel among the units. That resulted in an assessed value of $39,630 for each of the 12 one-bedroom units and $59,710 for each of the 12 two-bedroom units. Those amounts were entered on the tax and assessment roll as both the RMV and the assessed value of the units.

For the following 1996-97 tax year, the assessor increased the assessed value of the one-bedroom units to $107,000 and the two-bedroom units to $125,390. In November 1995, initiative Measure 47 passed, limiting the property taxes that could be imposed on property. That measure was later repealed and replaced by Measure 50, which is now Article XI, section 11, of the Oregon Constitution. Section 11 establishes a maximum assessed value (MAV) for property beginning with the 1997-98 tax year (July 1, 1997, assessment date). The MAV is equal to the RMV shown on the assessment and tax roll for the property for the 1995-96 tax year, less ten percent. In compliance with section 11, for 1997-98 the assessor calculated a MAV for the one-bedroom units of $35,670 and a MAV for the two-bedroom units of $53,740. As allowed by section 11, the MAV was increased by 3 percent for the 1998-99 tax year. That resulted in an assessed value for the one-bedroom units of $36,740 and an assessed value for the two-bedroom units of $55,350.

In 1999, the assessor apparently concluded that the initial assessed values placed on the units, based on an allocated portion of the motel value, did not represent the RMV of each unit. Accordingly, the assessor issued a notice to correct the error under ORS 311.205. The assessor calculated a "corrected" MAV for the condominium units as follows:

| Taxable year[2] | 1997-98 | 1998-99 |
|---|---|---|
| MAV/one-bedroom units: | $81,860 | $84,320 |
| MAV/two-bedroom units: | $95,930 | $98,810 |

Taxpayers appealed from that action to the Magistrate Division. After conducting a hearing, the magistrate held that the assessed values were not correctable under ORS 311.205 or under Article XI, section 11, of the Oregon Constitution.

## ISSUE

Was the assessed value of the subject condominium units subject to correction under ORS 311.205?

## ANALYSIS

ORS 311.205(1) authorizes the assessor to correct certain errors. The statute provides, in relevant part:

"After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:

"(a) The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126, or which is a failure to correctly reflect the ad valorem tax records of the assessor, or the records of the Department of Revenue * * *, and which, had it been discovered by the assessor or the department prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the

---

[2] It is unknown how the assessor calculated those MAVs. If the assessor estimated the RMV of the units as $107,000 for one-bedroom units and $125,390 for two-bedroom units for the 1996-97 tax year as indicated, a 10 percent reduction would result in a MAV of $96,300 for one-bedroom units and $112,851 for two-bedroom units. The MAV used implies a RMV for one-bedroom units of $90,046 and an implied RMV for two-bedroom units of $105,523.

omission or misstatement of a land, improvement or other property value on the roll.

"(b)   The officer may not correct an error in valuation judgment * * *. Such errors are those where the assessor would arrive at a different opinion of value. * * *"

Despite the assessor's attempts to disguise the action taken, it is nevertheless apparent that the assessor changed the 1995-96 RMV because the assessor believed it was wrong. Calling the RMV shown on the roll a "temporarily allocated percentage of the taxable value of the former motel" and asserting that it "did not represent the market value" does not change the facts. However the number was derived, whether by allocating the value of the motel or some other method, it was the RMV placed on the roll for the 1995-96 tax year. It may have been an error to use those numbers. Notwithstanding there may be errors, ORS 311.205(1)(b) expressly prohibits the assessor from looking back in time and concluding that the value placed on the roll in the prior years was wrong. The statute identifies such errors as "those where the assessor would arrive at a different opinion of value." ORS 311.205(1)(b). That is exactly the case here.

Additionally, because of the language in Article XI, section 11, of the Oregon Constitution, this court has held that taxpayers may not appeal or seek a revision of the RMV of their property as shown on the 1995-96 tax roll. *See Ellis v. Lorati*, 14 OTR 525 (1999); *Dept. of Rev. v. Froman*, 14 OTR 543 (1999). That result follows from the direct language of the section even though taxpayers may be able to show that the RMV on the roll for the 1995-96 tax year was in error. The same language prohibits an assessor from attempting to change the 1995-96 RMV. An assessor may not change that value as part of the process of initially implementing Measure 50 or do it by correcting an error in valuation under ORS 311.205. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that judgment be entered in favor of Defendants.