Argued and submitted May 17, 2019, affirmed February 26, 2020

In the Matter of the Marriage of

Brian C. MENTEN,
*Co-Petitioner-Respondent,*
*and*

Lia C. DEATHERAGE,
aka Lia C. Menten,
*Co-Petitioner-Appellant.*

Coos County Circuit Court
15DM0593; A166531

461 P3d 1075

In this post-dissolution proceeding, wife appeals from an order of the trial court denying her motion to set aside a supplemental judgment awarding husband property that the dissolution judgment had awarded to the parties jointly. Wife contends that the trial court should have granted her motion to set aside the supplemental judgment for lack of subject matter jurisdiction. *Held*: The trial court had subject matter jurisdiction under ORS 107.105(6) to address the parties' request to partition their joint interests in property awarded by the dissolution judgment; the trial court therefore did not err in denying wife's motion to set aside the supplemental judgment.

Affirmed.

Paula M. Bechtold, Judge.

Bret D. Lubic argued the cause and filed the briefs for appellant.

Gregory T. Lusby argued the cause for respondent. Also on the brief were Ariana Denley and Arnold Gallagher P.C.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

In this post-dissolution proceeding, wife appeals from an order of the trial court denying her motion to set aside a supplemental judgment awarding to husband property that the dissolution judgment had awarded to the parties jointly. Wife contends that the trial court should have granted her motion to set aside the supplemental judgment for lack of subject matter jurisdiction. We conclude that the trial court had subject matter jurisdiction to enter the supplemental judgment and therefore affirm the trial court's order.

In October 2015, the trial court dissolved the parties' nine-year marriage through a stipulated judgment of dissolution. Under the judgment, the parties were to assign their jointly held real property "to a newly formed Oregon Limited Liability Company with Husband and Wife as managing members, each with 50% ownership in the LLC."

Subsequently, the parties disputed the management of their jointly held property, and wife filed a pleading entitled "Motion to Enforce Stipulated Judgment of Dissolution," citing as authority both ORS 107.104 and ORS 107.105. Husband filed a "response and counterclaim."

At a hearing on wife's motion and husband's counterclaim, the parties mutually requested that the trial court separate the parties' interests by either liquidating or dividing the property.[1] After the hearing, the trial court entered a supplemental judgment, drafted by husband's counsel and approved "as to form" by wife's counsel, awarding the property to husband, with an equalizing judgment to wife. Under the supplemental judgment, wife had 30 days within

---

[1] At the hearing, wife's counsel addressed the court:

"[I]t's turned into basically trying to get these people completely separated out, which should have been done back in theory in their dissolution. So basically that's where we are today. The parties agree that they need to be completely free from each other, and that basically the assets need to be divided equitably, and we're here today to ask Your Honor to help us do that in a fair and equitable manner."

Husband's counsel joined in the request:

"This needs to end, obviously. They need to get disconnected. *** With your authority, we ask that you help disconnect us."

which to "cash out" husband, in which case husband would be awarded an equalizing judgment. In the event that wife was unable to pay husband for his interest in the property, the court determined that husband would take possession of the property and pay wife for her interest. The court reserved to a later time the determination of the amount to be awarded to either party as an equalizing judgment.

Wife was not able to purchase husband's interest, and husband remained in possession and control of the property, a building. Husband then filed a motion to enforce the supplemental judgment, along with a motion seeking an order requiring wife to vacate the building. The trial court entered an order enforcing the supplemental judgment and requiring wife to immediately vacate the building.

Wife had not appealed the supplemental judgment. But she filed a motion to set it aside for a lack of subject matter jurisdiction, contending that the judgment had made an unauthorized modification of the dissolution judgment's property division. After a hearing, the trial court entered an order denying wife's motion to set aside the supplemental judgment. On appeal, wife assigns error to the trial court's denial of her motion, contending for the same reason raised below that the trial court lacked subject matter jurisdiction to enter the supplemental judgment.

Subject matter jurisdiction relates to the type of case over which a court has authority to exercise judicial powers. The Supreme Court recently said in *Multnomah County Sheriff's Office v. Edwards*, 361 Or 761, 777-78, 399 P3d 969 (2017), that subject matter jurisdiction is "the authority to exercise judicial power." In *Callahan v. Employment Division*, 97 Or App 234, 238, 776 P2d 21 (1989), we said that a court's "[s]ubject matter jurisdiction depends on whether the court has the authority to make an inquiry." *See also Daly and Daly*, 228 Or App 134, 139, 206 P3d 1189 (2009) (citing *Callahan*, 97 Or App at 238); *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 566, 499 P2d 1309 (1972) ("'[J]urisdiction over the subject matter exists when the constitution or the legislature or the unwritten law has told this court to do *something* about *this kind of dispute.*' (Emphases in original.)" (quoting Z. Chafee, *Some Problems*

*of Equity* 301 (1950)); *Garner v. Alexander,* 167 Or 670, 675, 120 P2d 238 (1941), *cert den*, 316 US 690 (1942) ("'Jurisdiction of the subject-matter is the power to deal with the general subject involved. In other words, the court must have cognizance of the class of cases to which the one to be adjudicated belongs.'" (Quoting Forest G. Ferris, *Extraordinary Legal Remedies* § 18 p 36 (1926).)). Subject matter jurisdiction exists "when the constitution, the legislature or the law has told a specific court to do something about the specific kind of dispute in issue." *Greeninger v. Cromwell*, 127 Or App 435, 438, 873 P2d 377 (1994) (citing *Garner*, 167 Or 670).

In Oregon, unless divested by statute or rule of law, "circuit courts have subject matter jurisdiction over all actions." *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001) (citing Or Const, Art VII (Original), § 9 (stating that all jurisdiction not vested by law in another court shall be vested in circuit courts); Or Const, Art VII (Amended), § 2 (not changing jurisdictional scheme set out in original Article VII)). Furthermore, "[a]s a general rule, in order to divest the circuit courts of jurisdiction, the legislature must do so expressly." *Specialty Risk Services v. Royal Indem. Co.*, 213 Or App 620, 625, 164 P3d 300 (2007).

As we have stated, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel, and may be raised at any time. *Swartz and Battini*, 289 Or App 332, 338, 410 P3d 319, *rev den*, 362 Or 39 (2017). A court's decision made at a time when the court lacked judicial power to act should be vacated. *State v. Hemenway*, 353 Or 498, 504, 302 P3d 413 (2013); *see Garner v. Garner*, 182 Or 549, 561-62, 189 P2d 397 (1948) (A judgment may be void if the court that entered it lacked subject matter jurisdiction.).

Whether a court has subject matter jurisdiction over a particular proceeding is a question of law, which we review for legal error. *See State v. Hill*, 277 Or App 751, 763, 373 P3d 162, *rev den*, 360 Or 568 (2016). There are many circumstances in which Oregon courts lack subject matter jurisdiction, *i.e.*, judicial power over a given dispute. For example, Oregon circuit courts are without subject matter jurisdiction to review local land use decisions. ORS 197.825 (Land Use Board of Appeals has exclusive jurisdiction to

review local land use decisions.). Appellate courts lack "subject matter jurisdiction over an appeal from a judgment that is not appealable." *State v. Nix*, 356 Or 768, 773, 345 P3d 416 (2015). Circuit courts do not have subject matter jurisdiction to decide child custody matters that fall outside the jurisdictional requirements of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), ORS 109.701 to 109.834. *Dept. of Human Services v. T. F.*, 292 Or App 356, 360, 425 P3d 480 (2018) (court lacked subject matter jurisdiction because case did not meet jurisdictional bases in ORS 109.741(1), nor did court take temporary emergency jurisdiction under ORS 109.751).

We have noted that subject matter jurisdiction—the authority to exercise judicial power in a given subject area or dispute—is distinct from a court's exercise of its authority within a given subject area or dispute. *Southard v. Larkins*, 275 Or App 89, 97, 364 P3d 1006, *rev den*, 359 Or 39 (2016) ("Even when a court might lack authority, a lack of authority is not the same as a lack of jurisdiction."). A court may have authority to exercise judicial power in a given case, but then exercise that authority erroneously. A court's erroneous exercise of its authority within an area over which it has subject matter jurisdiction does not deprive the court of subject matter jurisdiction. *Wood v. White*, 28 Or App 175, 178, 558 P2d 1289 (1977) (erroneous application of procedural statute in dissolution case does not divest court of subject matter jurisdiction). Thus, an error in a dissolution judgment by a court that otherwise has both subject matter and personal jurisdiction does not divest the court of jurisdiction so as to render its judgment void and subject to collateral attack. *Id.*

In dissolution cases, "subject matter jurisdiction is founded on domicile." *Watanabe and Watanabe*, 140 Or App 85, 88, 914 P2d 701, *rev den*, 324 Or 176 (1996); *Wood*, 28 Or App at 178. An Oregon circuit court has subject matter jurisdiction over a dissolution when one of the parties resides in Oregon. ORS 107.075.

Post-dissolution, an Oregon court has explicit authority to address a modification of spousal support, child support, and child custody. ORS 107.135. But absent certain

statutory exceptions (ORS 107.135(1)(e) (relating to modification of property awards made based on enhanced earning capacity); ORS 107.452(3) (reopening of case after intentional concealment)), courts do not have authority to modify a property division in a dissolution judgment. *See Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). Relying on *Spady*, wife contends that the trial court lacked subject matter jurisdiction to modify the property division and, therefore, its supplemental judgment is void.

We agree with wife that our case law is clear that, barring statutory exceptions, a property division is not subject to modification. However, we need not decide whether, as a general matter, that is because a modification of a property division is outside of a trial court's subject matter jurisdiction, or because it is simply outside of the court's authority to act within its jurisdiction.[2] ORS 107.115 provides that a judgment of dissolution "gives the court jurisdiction to award *** the relief provided by ORS 107.105." As wife points out, ORS 107.105(3) states that "[u]pon the filing of the judgment [of dissolution], the property division ordered shall be deemed effective for all purposes." But under ORS 107.105(6), when, as here, a dissolution judgment has awarded to the parties an undivided interest in real property, either party may "maintain supplemental proceedings"

---

[2] *Spady* was not a dissolution case, but it can be reasonably understood to suggest that a modification of a dissolution judgment's property division would be outside of a court's jurisdiction. There, the parties had stipulated to a modification of a dissolution judgment's property division, and the dissolution court had entered an order approving the parties' agreement. 307 Or at 486-87. The agreement stated that it was to constitute a second mortgage in favor of the wife on the marital residence conveyed by the wife to the husband. *Id*. at 486. A question before the court in *Spady* was whether the dissolution court's order approving the parties' agreement could provide subsequent mortgage holders with constructive notice of the wife's interest in the property. The court concluded that it could not. *Id*. at 488-89. The *Spady* court said that, "as a domestic-relations court, a circuit court has only that authority granted to it by statute," and that, under ORS 107.135, a court does not have authority to modify a property division incorporated in a dissolution judgment. *Id*. at 488-89. Although the court described the court's "authority," citing *Zipper and Zipper*, 192 Or 568, 574, 235 P2d 866 (1951) (holding that a dissolution court is a court of "limited jurisdiction" that enjoys only those powers expressly conferred by statute), the court held that, because the trial court acted beyond authority conferred by ORS 107.135 in modifying the property division, its order purporting to modify the property division was void. *Spady*, 307 Or at 489. The inference is that the court concluded that the dissolution court had acted outside of its subject matter jurisdiction.

for the partition of the property within two years of entry of the judgment of dissolution. The proceeding initiated by wife's motion, in which husband joined, was, in effect, a proceeding to partition the parties' jointly held property. Assuming that the parties' request for the court to separate their interests also constituted a request for a modification of the property division, it was a type of modification over which the court had subject matter jurisdiction under ORS 107.105(6), which explicitly authorizes parties who have an undivided interest in real property pursuant to a dissolution judgment to maintain a proceeding for the "partition" of the property. *See Abraham v. Goff*, 85 Or App 595, 597, 737 P2d 971 (1987) (ORS 107.105(6) provides one of two procedures available for obtaining a partition of property included in a dissolution judgment.)

As wife points out, the parties did not explicitly request "partition" or characterize their motion as a request for partition, but we understand that to have been the practical effect of their mutual request to separate the parties' property interests. Any procedural defects in the parties' pleadings, or the trial court's ruling, did not go to the court's subject matter jurisdiction. *PGE v. Ebasco Services, Inc.*, 353 Or 849, 856, 306 P3d 628 (2013) ("Generally speaking, when a trial court has both subject matter jurisdiction and personal jurisdiction, its judgment, even if erroneous, is not void."); *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 611, 510 P2d 845 (1973) ("[I]f the court has jurisdiction over the parties and the subject matter, the ensuing judgment, even if erroneous is not void and cannot be collaterally attacked until reversed or annulled, no matter how erroneous it may be."). Because the trial court had subject matter jurisdiction to address the parties' request to partition their joint interests in the property awarded by the dissolution judgment, the trial court did not err in denying wife's motion to set aside the supplemental judgment.

Affirmed.