***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 1, 2022; portion of order granting temporary custody vacated, otherwise affirmed February 8, 2023

D. G.,
*Petitioner-Respondent,*

*v.*

Shaun M. MARKS,
*Respondent-Appellant.*

Multnomah County Circuit Court
21PO09314; A177527

Beth A. Allen, Judge.

Laura Graser argued the cause and filed the brief for appellant.

No appearance for respondent D. G.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Portion of order granting temporary custody vacated; otherwise affirmed.

**POWERS, J.**

Respondent appeals from a Family Abuse Prevention Act (FAPA) restraining order that, among other provisions, awards petitioner temporary custody of C, one of the parties' children. At the contested hearing on whether to continue the restraining order, the trial court found petitioner more credible than respondent, awarded petitioner temporary custody of C, and prohibited respondent from having contact with petitioner and C. On appeal, respondent advances two principal claims: (1) the trial court erred in ordering custody because it lacked subject matter jurisdiction over C; and (2) the trial court erred in continuing the restraining order because, as a matter of law, there was insufficient evidence. Respondent further argues that, even if we disagree that there was insufficient evidence as a matter of law, we should engage in limited *de novo* review to overturn the trial court's credibility finding. We conclude that the trial court lacked jurisdiction over C because Oregon was not C's "home state," as that term is defined in statute, at the time the FAPA proceeding commenced. Further, we decline respondent's request to engage in limited *de novo* review and conclude that the trial court did not err when it continued the restraining order, except as it relates to custody of C, because there was legally sufficient evidence in the record to support the trial court's determination. Accordingly, we vacate the custody portion of the restraining order and otherwise affirm the trial court's decision continuing the restraining order.

As an initial matter, we decline to exercise our discretion to take *de novo* review because this is not an exceptional case. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases"); *see also* ORAP 5.40(8)(d) (identifying considerations, which are neither exclusive nor binding, that bear on whether to exercise *de novo* review). As such, we review the trial court's legal conclusions for errors of law and, in so doing, we are bound by the court's findings of historical fact if there is any evidence to support them. *V.-B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017). Whether a court has subject matter jurisdiction over a particular proceeding is a question of law, which we review for

legal error. *Menten and Deatherage*, 302 Or App 425, 428, 461 P3d 1075 (2020).

We begin with the court's authority to determine custody under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), ORS 109.701 to 109.834, which is a question of subject matter jurisdiction. *Campbell v. Tardio*, 261 Or App 78, 80, 323 P3d 317 (2014). Where multiple states potentially have jurisdiction to adjudicate a child custody dispute, ORS 109.741 governs an Oregon court's determination of subject matter jurisdiction. That statute provides, in part:

"(1)   Except as otherwise provided in ORS 109.751 [which provides for temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child custody determination only if:

"(a)   This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

"(b)   A court of another state does not have jurisdiction under subsection (1)(a) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under ORS 109.761 or 109.764, and:

"* * * * *

"(c)   All courts having jurisdiction under subsection (1)(a) or (b) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under ORS 109.761 or 109.764; or

"(d)   No court of any other state would have jurisdiction under the criteria specified in subsection (1)(a), (b) or (c) of this section."

ORS 109.741. Under the UCCJEA, the term "home state" means "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody

proceeding" and the term "commencement" means "the filing of the first pleading in a proceeding." ORS 109.704(5), (7).

Here, the trial court did not have subject matter jurisdiction over C under ORS 109.741(1)(a), because C had not lived in Oregon for at least six consecutive months immediately before the filing of the first pleading. C, who was 10 years old at the time, lived in Montana from birth until C began living in Oregon with petitioner as early as March 25, 2021. Petitioner filed the FAPA petition on September 14, 2021, which was about a week short of the six consecutive months required for Oregon to be considered C's home state under ORS 109.704(7). Therefore, Oregon was not C's home state under the UCCJEA, and the trial court did not have jurisdiction under ORS 109.741(1)(a).

ORS 109.741(1)(b) to (d) provides three circumstances in which an Oregon court may have jurisdiction even when Oregon is not the child's home state. *See Schwartz and Battini*, 289 Or App 332, 339, 410 P3d 319 (2017) (explaining that "if Oregon is not a child's home state, [an Oregon court] nevertheless may have jurisdiction under ORS 109.741(1)(b) to (d), which confer jurisdiction on a state that is not a home state in three circumstances"). None of those circumstances are present here, however, given that C lived exclusively in Montana from birth until moving to Oregon. Rather, it appears that Montana, not Oregon, was C's home state when the proceeding commenced, and there is no indication in the record that Montana had declined to exercise jurisdiction. Thus, the trial court did not have jurisdiction under ORS 109.741(1)(b), (c), or (d). Accordingly, because the trial court did not have jurisdiction under ORS 109.741, we vacate the portion of the restraining order that awarded temporary custody of C to petitioner.

Turning to respondent's remaining assignment of error challenging the sufficiency of the evidence, we have reviewed the record in light of our standard of review and conclude that there was sufficient evidence to support the trial court's express and implied factual findings. As respondent's argument acknowledges, the trial court expressly found petitioner more credible than respondent, and we conclude that there is evidence to support the trial court's

finding. We further conclude that the trial court's findings were legally sufficient to support the continuation of the restraining order. In short, we affirm the trial court's continuation of the restraining order, except as to the temporary custody award of C.

Portion of order granting temporary custody vacated; otherwise affirmed.