Argued and submitted May 23, affirmed November 7, 1990

In the Matter of the Adoption of
Jeffery Mitchell Elliott and
Jenny Marie Elliott.

Lee AULTMAN and
Stephanie Aultman,
*Respondents,*

*v.*

Wanda Sue McCRACKEN,
*Appellant.*

(2732; CA A62287)

799 P2d 1148

Gary E. Norman, Albany, argued the cause for appellant. With him on the brief was Scott & Norman, P.C., Albany.

John R. Wittwer, Sweet Home, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Newman, J., specially concurring.

**DEITS, J.**

Mother appeals from a judgment granting her former neighbors' (petitioners) petition to adopt her two children. Mother argues that she revoked her consent to the adoption and that the trial court erred in allowing the adoption to proceed. On *de novo* review, we affirm.

The children were born in January, 1982, and July, 1983. In 1987, mother and the children lived in Sweet Home, where they were neighbors of petitioners. In early 1988, mother and the children moved to Nevada. In April, 1988, mother called petitioners and asked them to come to Nevada to get her children, because she was unable to provide for them. Petitioners went to Nevada and returned to Oregon with the children, who have lived with them since that time.

In November, 1988, petitioners and mother discussed the possibility of their adopting the oldest child. After more conversations early in December, 1988, the parties agreed that petitioners would adopt both children. Mother requested that petitioners have the necessary papers drawn up for her signature. On December 20, 1988, mother met with her children and explained that she was giving them up for adoption. She then met with petitioners' lawyer and signed the papers consenting to the adoption. Soon thereafter, a CSD caseworker met with mother to prepare an adoption report. The report concluded that adoption was in the best interests of the children, that mother understood her decision and that, although it caused her emotional pain, she believed that it was best for her children.

After attempts to locate the natural father failed, petitioners initiated adoption proceedings in March, 1989. On May 25, 1989, the trial court appointed petitioners as temporary guardians. The next day, mother filed a document with the court seeking to revoke her consent to the adoption. The trial court denied the request to withdraw consent and approved the adoption.

Mother assigns error to the trial court's denial of her request to withdraw her consent. She argues that her consent is revocable, because it was not executed in conformity with ORS 109.312(2), which she contends is the exclusive way to

create an irrevocable consent.[1] That statute does create a procedure to make consent to an adoption irrevocable. However, the fact that mother's consent was not executed in conformity with that statute does not mean that the court had to allow her to revoke her consent. Neither the language of ORS 109.312(2) nor its legislative history indicate that the statute was intended to derogate the common law principle that, under certain circumstances, a parent may be estopped from revoking consent.[2] ORS 109.305.

Mother also contends that the trial court did not apply the relevant legal standard in deciding whether to grant the adoption petition. She claims that the standard enunciated in *Hruby and Hruby,* 304 Or 500, 748 P2d 57 (1987), should decide this case. That standard, however, is applicable in *custody* cases under ORS 109.119, where the issue is whether to grant custody to non-parents. This is not a custody proceeding. It is an adoption case under ORS 109.350. We conclude that the adoption petition should be granted.

Affirmed.

**NEWMAN, J.,** specially concurring.

Mother asserts that she revoked her consent to the adoption. Although she argues that ORS 109.312 provides the only means to make a natural parent's consent irrevocable and supplants common law estoppel, she also argues that, under the facts, she was not estopped from revoking her consent. Her assignment of error is broad enough to encompass that argument. Accordingly, the majority should address whether the trial court was correct when it determined that the facts show a common law estoppel. *See D.M.C. and G.T.C. v. C.B.J.,* 35 Or App 833, 583 P2d 22 (1978). Because I believe that the facts show a common law estoppel, I concur in the majority opinion.

The trial court was correct that mother was not under duress and understood the legal effect of her consent. Thirteen months had elapsed since mother placed her children in

---

[1] The parties agree that mother's consent was not given in compliance with ORS 109.312(2).

[2] Mother does not argue that the trial court misapplied the estoppel doctrine under the facts of this case.

petitioners' care as foster parents, and five months had elapsed since she had consented to their adoption. During that period, although she had called petitioners to confirm that they were caring properly for her children, she did not state misgivings about the adoption. Mother attempted to revoke her consent two months after petitioners had initiated the adoption proceedings.

The trial court also properly considered mother's conduct with respect to her children both before and after she consented to the adoption. It found correctly that mother had not provided her children with an "adequate home" before the adoption proceeding and had exposed them to conditions that were detrimental to their welfare. Mother had not properly cared for her children. While under her care, the children were exposed to adults who engaged in fights, used illegal drugs and had sex in their presence. The children were frequently unkempt and unattended. Moreover, they have accepted petitioners as their parents and will be emotionally harmed if they are returned to mother. Mother was estopped to revoke her consent.