Argued and submitted November 5, petition for review dismissed as improvidently allowed December 9, 1999, reconsideration denied January 25, 2000

In the Matter of
Aja Juan Hayes, a Minor Child.

Karene McCULLEY
and Eugene Forte,
*Petitioners on Review,*

*v.*

Lolita BONE,
*Respondent on Review.*

(CC 970304; CA A100393; SC S46484)

991 P2d 1059

John Chally, of Bouneff & Chally, Portland, argued the cause for petitioners on review. With him on the briefs were Sandra L. Hodgson, of Bouneff & Chally, and I. Franklin Hunsaker, of Bullivant Houser Bailey, Portland.

Ellen Mendoza, of Legal Aid Services of Oregon, Oregon City, argued the cause and filed the brief for respondent on review.

Before Gillette, Presiding Justice, and Van Hoomissen, Durham, Kulongoski, Leeson, and Riggs, Justices.**

MEMORANDUM OPINION

The petition for review is dismissed as improvidently allowed.

Riggs, J., dissented and filed an opinion in which Leeson, J., joined.

---

** Carson, C. J., did not participate in the consideration or decision of this case.

**RIGGS, J.,** dissenting.

I respectfully dissent from the court's decision to dismiss this petition for review as improvidently allowed.

In this case, it is undisputed that the requirements of ORS 109.312, which sets out the procedure by which a consent to adoption is made irrevocable, were not satisfied because the birth mother did not receive independent legal advice when she signed the certificate of irrevocability and waiver. I voted to review this case because I believed that it presented an opportunity to consider the application of the best interests of the child test in the context of an adoption revocation proceeding.

I agree that this case, following briefing and argument, does not present an appropriate vehicle for reaching the best interests of the child issue in the context of the requirements of ORS 109.312. That issue will have to wait for another day.

Nevertheless, I would consider whether the birth mother is estopped from withdrawing her consent. In *Stubbs v. Weathersby*, 320 Or 620, 892 P2d 991 (1995), we questioned, but did not decide, whether estoppel applies where there is a failure to make consent irrevocable under ORS 109.312. *Id.* at 634. In *Aultman v. McCracken*, 104 Or App 266, 799 P2d 1148 (1990), decided after the legislative enactment of ORS 109.312(2), the Court of Appeals, in a concurring opinion, acknowledged, in *dicta*, that, under some circumstances a parent may be estopped from revoking consent under common-law principles of estoppel. *Id.* at 269-70 (Newman, J., specially concurring).

Under those circumstances, an extended discussion of the facts would not benefit the bench or bar. Suffice to say that the birth mother here allowed over seven months to elapse between signing the consent to adoption and filing of her revocation. During much of that time she was in contact with petitioners and the Arkansas lawyer handling the adoption. She never told petitioners or the lawyer, either before or after the placement of the child with petitioners, that she had changed her mind regarding the adoption, even though she

had. As a result, the placement occurred and the bonding process between the child and petitioners began and, as the trial court found, fully matured. In my view, if common-law principles of estoppel are applicable in the context of the statutory requirements of ORS 109.312—an issue the appellate courts of Oregon have not yet decided—then those facts strongly support petitioners' position.

Finally, given the length of time that the child has resided with petitioners and the trial court's findings of bonding between the child and petitioners, petitioners may decide to seek relief following this dismissal pursuant to ORS 109.119 (definition of and rights of psychological parent). I nevertheless would remand this case to the trial court with instructions to consider the applicability of ORS 109.119, without the necessity of a separate petition.

For these reasons, I respectfully dissent.

Leeson, J., joins in this dissent.