On respondent's designation of additional parts of the proceedings to be included in the record filed January 28, and appellant's objection to respondent's designation of additional parts of the record filed February 9, ruling on objection to designation of additional items as part of record on appeal deferred; DHS given 14 days from date of this opinion to file amended designation of additional parts of record
April 28, 2004

In the Matter of
Kassandra C. Lewis, a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Respondent,*

*v.*

Nancy Marie LEWIS,
*Appellant.*

JV8570; A123535

89 P3d 1219

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Richard D. Wasserman, Attorney-in-Charge, for designation.

Daphne E. Mantis *contra*.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

BREWER, P. J.

**BREWER, P. J.**

Respondent Department of Human Services (DHS) has filed a motion to designate as part of the record on appeal certain additional written materials that were not specifically designated by appellant as part of the record on appeal. Appellant objects to the designation. For the reasons explained below, we defer ruling on the motion and objection, and we give respondent leave to file an amended designation of additional parts of the record.

This is an appeal from a judgment entered by the juvenile court after a permanency hearing held in December 2003. ORS 419B.470 - 419B.476. In the judgment, the trial court found that DHS had made reasonable efforts to reunite the child with appellant, the child's mother. The court further determined that the child would not be returned to mother's custody and authorized DHS to pursue permanent foster care for the child.

Mother appeals from the judgment. Her notice of appeal "designates the record of the proceeding in its entirety." Pursuant to ORS 19.250(2), DHS has filed a designation of 12 additional items as part of the record.[1] Those items include a letter from Karen Cummins, identified in that letter as a social service specialist, to the court clerk; a report of the citizen review board's findings and recommendations; four letters to Judge Barron from Cummins, who is identified in one letter as a social service specialist and as a legal assistance worker in the other two; a letter to Judge Barron from mother; a substitute care case review narrative; a letter to Judge Barron from Nancylee Stewart, identified as an interim branch manager; a letter from a psychologist to Cummins; an Oregon family decision meeting record and agreement; and a voluntary custody agreement. The earliest designated item is dated February 21, 2001; the latest is dated June 8, 2002.

---

[1] ORS 19.250(2) provides, in part, that "[w]ithin 14 days after the filing of the notice of appeal or notice of amended designation of record any other party may serve and file a designation of additional parts of the proceedings and exhibits to be included in the record."

In the designation of additional parts of the record, DHS represented that the materials were "actually considered by the juvenile court." We presently are unable to verify that representation because the trial court record has not yet been forwarded to this court. *See* ORS 19.365(1) (providing that "[t]he record of the case shall be prepared and transmitted to the court to which the appeal is made in the manner provided in this chapter"); *see also* ORS 19.365(3) (providing that "[t]he trial court administrator shall, upon request of the State Court Administrator [SCA], deliver the record of the case to the appellate court").[2]

Mother objected to the designation of additional materials on the ground that DHS had not shown that the materials were considered by the trial court in connection with the permanency decision. Mother noted that (1) the materials predate the permanency hearing; and (2) the transcript of the permanency hearing had not yet been prepared, and, therefore, it could not be determined whether, in the course of the hearing, the court received the designated materials in evidence or took judicial notice of them. *See* ORS 419B.325 (for purpose of determining proper disposition of ward, court may receive testimony, reports, or other material). Mother suggested that the materials were taken from the county juvenile department's "social file," implying that, in her experience, juvenile court judges do not routinely consider materials contained in the juvenile department's social file.

■  ORS 19.365(2) provides:

"The record on appeal shall consist of those parts of the trial court file, exhibits and record of oral proceedings in the trial court that are designated under ORS 19.250. The record of oral proceedings shall be the transcript prepared under ORS 19.370, an agreed narrative statement prepared under ORS 19.380 or the audio record if the appellate court has waived preparation of a transcript under ORS 19.385."

---

[2] In civil cases, the SCA typically does not request delivery of the trial court record until all appellate briefs have been filed. Although that practice is not required by statute or rule, it is intended to give local appellate counsel the opportunity to review the trial court file before preparing the briefs on appeal.

ORS 19.005(7) defines "trial court file" as "all the original papers filed in the trial court whether before or after judgment, including but not limited to the summons and proof of service thereof, pleadings, motions, affidavits, depositions, stipulations, orders, jury instructions, the judgment, the notice of appeal and the undertaking on appeal." A file maintained by a county juvenile department is not routinely filed in the trial court. Accordingly, under ORS 19.365(2), materials contained in a juvenile department's social file do not automatically become part of the record on appeal.

■      However, on the record before us, it is unclear whether the designated materials are part of the juvenile department's social file or the trial court file. As noted, several of the items are communications addressed to Judge Barron. We take judicial notice of the fact that Judge Barron is a circuit court judge for Coos County and that some of the entries in the trial court case register are described as orders signed by him. We infer from those facts that Judge Barron presided over at least some phases of the juvenile court proceeding in this case before the permanency hearing was held. Thus, it is possible that the correspondence to Judge Barron is contained in the trial court file and may properly be designated as part of the record on appeal. *See State v. McReynolds*, 183 Or App 631, 634 n 1, 54 P3d 124 (2002) (correspondence to or from the trial court in a case does not lose its status as part of the trial court file merely because it is not kept in the same file folder or the same part of the file folder as other materials that also are included in the trial court file).

■      When, pursuant to ORS 19.365(3), the records section of the SCA asks a trial court administrator to deliver the trial court record to the records section for use on appeal, the trial court administrator sometimes includes only the materials that the administrator has placed on the so-called "pleading side"—usually the right side—of the trial court file folder. Thus, the record transmitted often does not include correspondence, notices, and other materials that trial court staff may have placed on the other side of the file folder. However, correspondence between the trial judge and others pertaining to a case constitutes an "original paper" filed with the trial court for purposes of ORS 19.005(7). Therefore, it is part

of the trial court file and, in turn, may be designated as part of the record on appeal pursuant to ORS 19.365(1). To the extent that DHS's designation of additional parts of the record identifies materials that are part of the trial court file, the designation serves the salutary purpose of ensuring that, when the records section asks the trial court administrator to forward the record in this case, that record will include those materials.

██ We hasten to add that the placement of materials in a trial court file does not necessarily mean that they have been "received" in evidence for purposes of ORS 419B.325. *See, e.g., State v. Hitt,* 179 Or App 563, 566 n 4, 41 P3d 434 (2002) (in mental commitment proceedings, materials placed in the trial court file are not necessarily and automatically deemed incorporated into the evidentiary record of the proceeding); *see also Petersen v. Crook County,* 172 Or App 44, 51, 17 P3d 563 (2001) (where accuracy of the contents of documents contained in trial court file was subject to reasonable dispute, those contents could not properly be judicially noticed). We merely hold that such materials can be designated as part of the record on appeal from the permanency judgment under ORS 19.365(1).[3] Conversely, if any of the materials identified by DHS in its motion are not already part of the trial court file in the juvenile case, they cannot be part of the record on appeal from the permanency judgment unless they acquire that status by another means prescribed by ORS 19.365.

ORS 19.365(2) provides that the record on appeal also includes exhibits and the record of oral proceedings in the trial court. Here, it appears from the trial court register that the juvenile court case of which the permanency proceeding was a part has been pending since at least June 2001. It may be that, in some previous phase of the juvenile case, a judge received in evidence or took judicial notice of the materials that DHS now wishes to make part of the record on

---

[3] At first blush, it might appear odd to suggest that a document can be part of the record on appeal but not be part of the evidentiary record for purposes of defending or challenging the merits of a trial court decision. However, it is possible for material in a trial court file to be relevant to a procedural question on appeal, such as whether a party had notice of a scheduled event, yet not be part of the evidentiary record before the trial court.

appeal. However, under ORS 419B.470 to 419B.476, a permanency hearing is a discrete proceeding before the juvenile court. DHS has not asserted or shown that the designated materials were received in evidence under ORS 419B.325, or that the court took judicial notice of them under OEC 201(b) (providing that a court may take judicial notice of a fact that is "not subject to reasonable dispute"), in the permanency hearing. In the absence of such a showing, any of the designated materials that are not part of the trial file could not be deemed part of the record on appeal.

One other method by which material may become part of a record on appeal is set out in ORS 19.365(4), which provides:

> "When it appears to the appellate court that the record on appeal is erroneous or that the record does not contain material that should have been part of the trial court file, and the erroneous or incomplete record substantially affects the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just."

Applying that provision here, if DHS had shown, for example, that the designated materials should have been included in the trial court file but through some mistake were not, the materials could be added to the record on appeal under ORS 19.365(4). However, at this point, DHS has made no such showing. Instead, it has relied only on the broad assertion that the juvenile court *considered* the materials. That assertion is insufficient to invoke this court's authority under ORS 19.365(4).

To recapitulate: To the extent that any of the materials described in DHS's designation of additional parts of the record already are part of the trial court file in the juvenile case, were received in evidence or judicially noticed in the permanency proceeding, or can be shown to have been erroneously omitted from the trial court file, mother's objection must be overruled. However, any materials that do not qualify as fitting any of those categories are not part of the record on appeal. Therefore, it is incumbent on DHS to clarify why the materials it seeks to designate properly are part of the record on appeal. We give DHS 14 days from the date of this

opinion to file an amended designation of additional parts of the record based on a showing that the materials sought are or should be part of the trial court file in the juvenile case or that the trial court received them in evidence or took judicial notice of them in the permanency proceeding.

Ruling on objection to designation of additional items as part of record on appeal deferred; DHS given 14 days from date of this opinion to file amended designation of additional parts of record.