Argued and submitted February 2; and on respondent's motion to supplement record filed March 2; and on parties' joint motion to file supplemental briefs filed March 3, motion to supplement record granted, motion to file supplemental briefs denied as moot; judgment vacated and remanded April 14, 2010

In the Matter of R. E. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES
and R. E. G.,
*Respondents,*

*v.*

G. G.,
*Appellant.*

Washington County Circuit Court
J080168;
Petition Number 01J080168;
A143342

229 P3d 621

James A. Palmer argued the cause and filed the brief for appellant.

Stacey RJ Guise, Senior Assistant Attorney General, argued the cause for respondent Department of Human Services. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Margaret McWilliams argued the cause and filed the brief for respondent R. E. G.

Before Sercombe, Presiding Judge, and Wollheim, Judge, and Breithaupt, Judge pro tempore.

WOLLHEIM, J.

**WOLLHEIM, J.**

Father appeals a permanency judgment that amended the permanency plan from reunification of the family to an alternative plan of adoption. The issue in this juvenile dependency case is whether the juvenile court erred when it denied father's motion to transfer jurisdiction to a Montana court before allowing the parties to present facts and legal arguments related to communications between the juvenile and Montana courts concerning father's motion. We conclude that the juvenile court erred in doing so, vacate the permanency judgment, and remand.

The relevant facts are not in dispute. In February 2008, R. G. was born in Montana. Soon after R. G.'s birth, Montana began a Child Protective Services assessment. When mother and father learned about the investigation, the family left Montana for Oregon. But, after approximately one week, the Department of Human Services (DHS) received a report about the Montana assessment concerning the family. In April 2008, DHS located the family, took R. G. into protective custody, and filed a dependency petition in the juvenile court. The juvenile court ordered R. G. to be placed in temporary DHS custody, and R. G. was placed with a foster family. Also in April 2008, mother and father returned to Montana.

After the parents returned to Montana, the Oregon juvenile court found R. G. to be within its jurisdiction. ORS 419B.100(1)(c). In December 2008, R. G. was transitioned into a relative foster care placement in Montana. Later, R. G.'s younger brother, L. G., was removed from his parents' custody and placed with that same relative foster care placement.[1] Both of those placements continued to the time of the permanency hearing.

Before the permanency hearing, father moved to transfer jurisdiction to Montana under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), ORS 109.701 to 109.834. The permanency hearing occurred over three days in May, July, and August 2009. During the May

---

[1] The Montana court found L. G. to be within its jurisdiction and was apparently not aware that R. G. and L. G. were living in the same Montana home.

hearing, the juvenile court informed the parties that it would rule on father's motion to transfer jurisdiction after discussing the motion with the Montana court. After discussions with the Montana court, the juvenile court sent a letter to the parties stating that both courts agreed that the Oregon juvenile court should retain jurisdiction over R. G. On July 6, 2009, father filed a motion requesting the juvenile court to disclose the record of its communications with the Montana court.

However, on July 10, 2009, before giving the parties an opportunity to present facts and legal arguments related to the juvenile court's communications with the Montana court, the juvenile court entered an order denying father's motion to transfer jurisdiction. The hearing resumed on July 21, 2009. On August 19, 2009, the juvenile court entered a judgment amending the permanency plan from reunification of the family to an alternative plan of adoption. Finally, on September 4, 2009, the juvenile court entered an order denying father's motion to disclose the record of the communications between the juvenile and Montana courts.

Father appealed, assigning error to the juvenile court's denial of father's motion to transfer jurisdiction and its failure to disclose the record of communications with the Montana court. Oral argument on father's appeal was held on February 2, 2010. More than two weeks later, on February 19, 2010, the juvenile court sent a letter to the parties indicating that the record of communications between the juvenile court and Montana court had been placed on the left side of the legal file, which had not been made part of the appellate record.[2] Accordingly, the state filed a motion to supplement the appellate record with the record of the communications between the courts, and the parties filed a joint motion to file supplemental briefs.

In *State ex rel DHS v. Lewis*, 193 Or App 264, 268-69, 89 P3d 1219 (2004), we described a similar situation:

---

[2] The juvenile court's February 19, 2010, letter is inconsistent with its September 4, 2009, order denying father's motion to disclose the record of communications between the juvenile and Montana courts.

"When, pursuant to ORS 19.365(3), the records section of the [state court administrator] asks a trial court administrator to deliver the trial court record to the records section for use on appeal, the trial court administrator sometimes includes only the materials that the administrator has placed on the so-called 'pleading side'—usually the right side—of the trial court file folder. Thus, the record transmitted often does not include correspondence, notices, and other materials that trial court staff may have placed on the other side of the file folder. However, correspondence between the trial judge and others pertaining to a case constitutes an 'original paper' filed with the trial court for purposes of ORS 19.005(7). Therefore, it is part of the trial court file and, in turn, may be designated as part of the record on appeal pursuant to ORS 19.365(1)."

As in *Lewis*, the correspondence between the juvenile and Montana courts is part of the trial court file. It is an "original paper" for the purposes of ORS 19.005(7),[3] and may be designated as part of the record on appeal. Accordingly, we grant the motion to supplement the record and consider the record of communications between the courts as part of the record in this appeal.

Before discussing father's assignment of error, we pause to discuss the relevant portions of the UCCJEA to provide context. The UCCJEA applies to dependency proceedings in Oregon. ORS 419B.803(2). One purpose of the UCCJEA is to grant Oregon temporary emergency jurisdiction to protect a child in this state. ORS 109.751. Another purpose of the UCCJEA is to determine whether this state is an inconvenient forum and whether another state is a more appropriate forum. ORS 109.761(1). As we discuss more thoroughly later, courts may communicate concerning jurisdiction of cases arising under the UCCJEA. ORS 109.731. However, courts must make a record of those communications before making a decision on jurisdiction. ORS 109.731(4).

---

[3] ORS 19.005(7) provides:

" 'Trial court file' means all the original papers filed in the trial court whether before or after judgment, including but not limited to the summons and proof of service thereof, pleadings, motions, affidavits, depositions, stipulations, orders, jury instructions, the judgment, the notice of appeal and the undertaking on appeal."

We turn to father's assignment of error that the juvenile court erred in denying father's motion to transfer jurisdiction to the Montana court. We review the juvenile court's interpretation of ORS 109.731 for errors of law. *See McCulley v. Bone*, 160 Or App 24, 26, 979 P2d 779 (1999), *rev dismissed*, 329 Or 523 (1999) (reviewing juvenile court's statutory application for errors of law).

The juvenile court determined that it needed to communicate with the Montana court before deciding father's motion to transfer jurisdiction. Communications in juvenile matters between a court in this state and a court in a different state are authorized by ORS 109.731, which provides:

"(1)   A court of this state may communicate with a court in another state concerning a proceeding arising under ORS 109.701 to 109.834 [the UCCJEA].

"(2)   The court may allow the parties to participate in the communication. *If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.*

"(3)   Communication between courts on schedules, calendars, court records and similar matters may occur without informing the parties. A record need not be made of the communication.

"(4)   Except as otherwise provided in subsection (3) of this section, a record must be made of a communication under this section. The parties *must be* informed promptly of the communication and *granted access to the record.*

"(5)   For the purposes of this section, 'record' means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form."

(Emphases added.) ORS 109.731(1) authorizes the juvenile court to communicate with the Montana court. Subsections (2) and (4) place conditions on those communications by requiring the juvenile court to make a record of the communications, inform the parties of the communications, grant the parties access to that record, and permit the parties to present facts and legal arguments before a jurisdictional

decision is made.[4] The record, as supplemented, reveals that the juvenile court only partially complied with those requirements.

Although we grant the state's motion to supplement the appellate record with the record of communications between the juvenile and Montana courts, the juvenile court's error persists. Consistently with subsection (4), the juvenile court, after oral arguments before this court, disclosed the record of communications. However, the juvenile court failed to permit the parties to present facts and legal arguments before making the jurisdictional decision on the motion to transfer. It was improper to deny father's motion to transfer jurisdiction *before* permitting father an opportunity to present facts and legal arguments related to the record of communications between the juvenile and Montana courts. ORS 109.731(2).

Accordingly, we vacate the juvenile court's permanency judgment, and remand to the juvenile court to give the parties an opportunity to present facts and legal arguments before making a decision on father's motion to transfer jurisdiction.[5]

Motion to supplement record granted, motion to file supplemental briefs denied as moot; judgment vacated and remanded.

---

[4] Alternatively, the juvenile court could have permitted the parties to participate in the communications. That did not occur in this case.

[5] Our disposition of this case resolves the parties' joint motion to file supplemental briefs. Because we vacate the juvenile court's judgment, there is no need for the parties to file supplemental briefs in this court, and we deny their motion to submit supplemental briefs as moot.