Submitted June 21, vacated and remanded September 8, 2016

In the Matter of N. N.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. M. S.,
*Appellant.*

Washington County Circuit Court
J150646;
Petition Number J150646;
A161256

383 P3d 417

Michele C. Rini, Judge pro tempore.

Megan L. Jacquot filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**FLYNN, J.**

In this juvenile dependency case, mother challenges the court's determination that Oregon has jurisdiction to make mother's child, N, a ward of the court. Mother argues that the court erred when it resolved her challenge to Oregon jurisdiction by applying the standard for determining proper venue within Oregon, ORS 419B.118, rather than applying the test for jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), ORS 109.701 to 109.834. The Department of Human Services (DHS) concedes that the juvenile court mistakenly relied on the venue statute to determine mother's challenge to jurisdiction, but urges us to nevertheless presume that the court implicitly resolved the factual disputes in a way that gives Oregon jurisdiction under the UCCJEA. We conclude that the juvenile court erred in failing to apply the UCCJEA, and that we cannot presume that the court made findings that would have been unnecessary to the legal test that the court applied. Accordingly, we vacate and remand the judgment for the court to apply the proper legal standard to determine whether Oregon has jurisdiction.

The UCCJEA sets forth the rules for determining jurisdiction in custody cases involving multiple jurisdictions. *Dept. of Human Services v. S. C. S.*, 253 Or App 319, 324, 290 P3d 903 (2012), *rev den*, 353 Or 428 (2013). It applies to dependency proceedings in Oregon. ORS 419B.803(2); *see Dept. of Human Services v. G. G.*, 234 Or App 652, 656, 229 P3d 621 (2010) (discussing the UCCJEA). Under the UCCJEA, deciding whether Oregon has jurisdiction to make an initial custody determination requires consideration of several factors, including whether Oregon is the "home state" of the child and, if not, whether other states with jurisdiction have declined to exercise that jurisdiction.[1]

---

[1] ORS 109.741(1) provides, in full:

"Except as otherwise provided in ORS 109.751 [temporary custody], a court of this state has jurisdiction to make an initial child custody determination only if:

"(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

For a child who is at least six months old, the child's "home state" means "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." ORS 109.704(7). Those considerations set out in ORS 109.741(1) provide the "exclusive jurisdictional basis for making a child custody determination by a court of this state." ORS 109.741(2).

Prior to the jurisdictional hearing, mother moved to dismiss DHS's petition, arguing that Oregon lacked jurisdiction under the UCCJEA because she and N had resided in the State of Washington for the entirety of N's life. In response, DHS contended that mother and N had "effectively been living" in Gaston, Oregon, since the fall of 2014, and that mother maintained an address in Washington as a "ruse" to prevent child welfare authorities and father's parole officer from discovering that the family was living together in Oregon. Rather than conduct an evidentiary hearing or make findings pertinent to the "home state" determination under the UCCJEA, the trial court denied mother's motion to dismiss "based on the fact that venue has a different residency requirement" and based on the court's conclusion that the evidence satisfied that venue residency requirement, specifically evidence "that the child was spending [a] substantial period of time here, including toys and clothes, and mom kept listing her address in Washington County places for the * * * court system." *See* ORS 419B.118(1) (providing that, in the absence of a preexisting wardship, "a juvenile

---

"(b) A court of another state does not have jurisdiction under subsection (1)(a) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under ORS 109.761 or 109.764, and:

"(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

"(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

"(c) All courts having jurisdiction under subsection (1)(a) or (b) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under ORS 109.761 or 109.764; or

"(d) No court of any other state would have jurisdiction under the criteria specified in subsection (1)(a), (b) or (c) of this section."

court proceeding shall commence \* \* \* in the county where the child resides").

As DHS concedes, however, determining whether N "resides" in Washington County for purposes of venue for the wardship determination does not resolve whether Oregon has authority under the UCCJEA to make that determination. The UCCJEA determines whether *any* Oregon court has subject matter jurisdiction to determine custody for a particular child. *Campbell v. Tardio*, 261 Or App 78, 80, 323 P3d 317 (2014). Jurisdiction refers to a court's authority to act whereas "venue concerns the particular location where it is appropriate for the court to exercise that authority." *Kohring v. Ballard*, 355 Or 297, 312, 325 P3d 717 (2014) (contrasting venue with the authority a court possesses by virtue of personal jurisdiction). Thus, the juvenile court mistakenly used the venue standard to resolve mother's challenge to jurisdiction under the UCCJEA rather than addressing the conflicting evidence regarding N's "home state."

Although DHS recognizes that jurisdiction under the UCCJEA depends on whether Oregon is N's "home state" and recognizes that there is conflicting evidence on that question, DHS, nevertheless, urges us to affirm the judgment establishing jurisdiction and the disposition. According to DHS, we must "presume" that the juvenile court implicitly resolved the "home state" dispute in a manner consistent with its conclusion that Oregon has jurisdiction. DHS relies on the principle that, in the absence of findings, appellate courts will (in some circumstances) "presume that the court resolved factual disputes consistently with its conclusion." *See Dept. of Human Services v. N. B.*, 261 Or App 466, 472, 323 P3d 479 (2014) (citing *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968)).

That presumption does not apply here, however, because it "is necessarily dependent on the trial court's application of the correct legal analysis." *State v. Ellis*, 252 Or App 382, 390, 287 P3d 1215 (2012), *rev den*, 353 Or 428 (2013). In this case, we cannot presume that the court made findings necessary to a determination that Oregon has jurisdiction under the UCCJEA criteria because it is clear that the juvenile court failed to apply the UCCJEA criteria

in resolving mother's jurisdictional challenge and, instead, applied the analysis applicable to determining venue. *See id.* (refusing to presume that trial court resolved disputed facts consistently with its ultimate conclusion when trial court was "operating under a misunderstanding as to the applicable legal principles"). We also cannot resolve in the first instance the parties' factual dispute regarding whether Oregon is N's "home state" for purposes of the UCCJEA.

Vacated and remanded.