ORTEGA, P.J.
*357 Mother appeals a judgment asserting dependency jurisdiction over her child, M, challenging the juvenile court's subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).[1] She argues that Oregon was not M's "home state" under the UCCJEA, and that no other provision of the UCCJEA granted subject matter jurisdiction to an Oregon court. The Department of Human Services (DHS) concedes that Oregon was not M's home state as that term is defined by the UCCJEA. Nevertheless, DHS claims that the juvenile court had "temporary emergency jurisdiction" under ORS 109.751 and, because nothing has happened in the meantime to alter that status, Oregon courts have subject matter jurisdiction in this matter. We conclude that there is no indication that the trial court took temporary emergency jurisdiction and reverse.
It is undisputed that M's father brought M to Oregon from Louisiana in January 2017. DHS petitioned the court for dependency jurisdiction in April 2017, alleging that mother's substance abuse interfered with her ability to safely parent M, that mother failed to meet M's basic needs, and that she exposed M to domestic violence and to unsafe people and caregivers.[2] At the jurisdictional hearing, mother challenged the court's subject matter jurisdiction under the UCCJEA, asking the court to dismiss the petition. In particular, *482 mother noted that the dependency petition had been filed less than six months after father moved to Oregon with M and that, under the UCCJEA, Oregon was not the "home state" for purposes of jurisdiction. M's attorney and father's attorney argued that the jurisdictional challenge was either untimely or had been waived, and DHS asserted that "jurisdiction is proper pursuant to [ORS] 419B.803 [ (1) ](b), that there is no timeframe under which [the juvenile] *358 court needs to consider when a child is subject to a petition under 419B.100." DHS explained that, in its view, under ORS 419B.803(1)(b), when the court is considering whether to take jurisdiction under ORS 419B.100, "all that you have to meet for jurisdiction is *** that the child is under [the] age of 12, and the subject of a petition filed pursuant to 419B.100." Mother disagreed, arguing that UCCJEA subject matter jurisdiction can be raised at any time and that "UCCJEA jurisdiction is more limited" than jurisdiction under ORS 419B.100.
The court denied mother's motion without explanation. Mother then admitted to the allegation that her substance abuse interfered with her ability to safely parent M. The rest of the allegations were dismissed. Mother appeals the jurisdictional judgment that followed, reprising her argument that the juvenile court lacked subject matter jurisdiction under the UCCJEA.
The UCCJEA's general jurisdictional provision provides:
"(1) Except as otherwise provided in ORS 109.751, a court of this state has jurisdiction to make an initial child custody determination only if:
"(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(b) A court of another state does not have jurisdiction under subsection (1)(a) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under ORS 109.761 or 109.764, and:
"(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;
*359 "(c) All courts having jurisdiction under subsection (1) (a) or (b) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under ORS 109.761 or 109.764 ; or
"(d) No court of any other state would have jurisdiction under the criteria specified in subsection (1)(a), (b) or (c) of this section.
"(2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
"(3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."
ORS 109.741.[3] "Home state" is defined in the UCCJEA as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately *483 before the commencement of a child custody proceeding." ORS 109.704(7).
DHS concedes that, at the time the dependency petition was filed, Oregon was not M's home state. We agree with that concession-there is nothing in the record that demonstrates that, at the time the dependency petition was filed, any of the provisions of ORS 109.741(1) provided subject matter jurisdiction in this case. However, DHS now asserts that the juvenile court had subject matter jurisdiction under another provision of the UCCJEA-i.e. , ORS 109.751(1), which provides temporary emergency jurisdiction "if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the *360 child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."
We recently addressed temporary emergency jurisdiction in State v. L. P. L. O. , 280 Or. App. 292, 306, 381 P.3d 846 (2016), explaining that "the plain text of ORS 109.751(1) provides that a court can take temporary emergency jurisdiction if the child is in the state and is in immediate need of the court's protection from mistreatment or abuse." "[T]he proper focus for courts is whether the child will be at immediate risk of harm upon return to the parent." Id. at 308, 381 P.3d 846. Temporary emergency jurisdiction is an "extraordinary jurisdiction reserved for extraordinary circumstances." Uniform Child Custody Jurisdiction and Enforcement Act § 204 comment, 9 ULA 649, 677 (1997).
Here, there is nothing in the record to indicate that the parties asked the court to take temporary emergency jurisdiction, nor is there any indication that that is the reason that the juvenile court concluded that it had subject matter jurisdiction to act. Rather, the arguments before the juvenile court indicated that the parties urged the court to dismiss mother's motion based on concepts of timeliness, waiver, or, at least to some extent, that the UCCJEA's jurisdictional provisions did not control.
DHS acknowledges that the parties did not explicitly address UCCJEA temporary emergency jurisdiction below and that the juvenile court offered no explanation for its ruling. Accordingly, DHS suggests that, if we are unable to determine whether the juvenile court had subject matter jurisdiction under the temporary emergency provision on the existing record, we remand for a hearing on whether M was at immediate risk of harm at the time the petition was filed.[4]
*361 In the past, we have vacated and remanded a judgment for the juvenile court to make factual findings necessary to determine whether jurisdiction exists under the UCCJEA. For example, in Dept. of Human Services v. R. M. S. , 280 Or. App. 807, 810, 383 P.3d 417 (2016), the juvenile court had determined that it had subject matter jurisdiction under the UCCJEA based on venue considerations, as opposed to the correct legal analysis-i.e. , determining whether Oregon was the child's "home state." We noted that, because the juvenile court was operating under the wrong legal principles, the court had not resolved the conflicting evidence on the ultimate legal question of the child's home state. Id . Accordingly, we vacated and remanded for the juvenile court to resolve in the first instance the parties' factual dispute regarding whether Oregon was the child's home state for purposes of the UCCJEA. Id. at 811, 383 P.3d 417.
This case is different. In R. M. S. , the parties had squarely presented the juvenile court with the appropriate legal question-i.e. , was Oregon the child's home state under *484 the UCCJEA? And the parties had also presented the appropriate factual question in that case-did the mother and the child reside in Washington or Oregon during the relevant time period? Despite the proper framing of the legal and factual issues, the juvenile court in that case had incorrectly analyzed the case under venue principles. In that circumstance, we determined that, because the juvenile court failed to apply the UCCJEA criteria in resolving mother's jurisdictional challenge, the juvenile court should resolve in the first instance "the parties' factual dispute regarding whether Oregon is [child's] 'home state' for purposes of the UCCJEA." Id .
Here, we are faced with a different situation. No party presented the juvenile court with any legal or factual issue as to whether temporary emergency jurisdiction was appropriate. Moreover, given that temporary emergency jurisdiction is an "extraordinary jurisdiction reserved for extraordinary circumstances" (i.e. , it is intended to address "situational immediacy necessitating protection of the child,"
*362 L. P. L. O. , 280 Or. App. at 306, 381 P.3d 846 ), we do not consider this an appropriate case to remand for the juvenile court to make a determination at this point as to whether temporary emergency jurisdiction was appropriate at the time that DHS filed the dependency petition. That is particularly true because, given the way the issue was argued to the court, the factual record as to any basis for temporary emergency jurisdiction was not developed at the time of the hearing. Instead, we conclude that the juvenile court erred by denying mother's motion to dismiss and that it is appropriate to reverse the jurisdictional judgment.
Reversed.

The UCCJEA, which applies to dependency proceedings in Oregon, ORS 419B.803(2), is codified in Oregon at ORS 109.701 to 109.834. ORS 109.701 ("ORS 109.701 to 109.834 may be cited as the Uniform Child Custody Jurisdiction and Enforcement Act.").

The petition included several allegations relating to father that were similar to the allegations relating to mother. Father admitted to several of the allegations and has not appealed the jurisdictional judgment.

Oregon's dependency code provides that Oregon's juvenile courts have subject matter jurisdiction over:
"(a) A party, who has been served in the matter as provided in ORS 419B.812 to 419B.839 to the extent that prosecution of the action is not inconsistent with the Constitution of this state and the Constitution of the United States;
"(b) A child under 12 years of age who is the subject of a petition filed pursuant to ORS 419B.100 ; and
"(c) Any other party specified in ORS 419B.875(1).
"(2) Juvenile court jurisdiction is subject to ORS 109.701 to 109.834." ORS 419B.803.

DHS asserts that the parents' admissions that substance abuse and lack of parenting skills created a risk of harm to M satisfied the requirements of ORS 109.751, and the court therefore had subject matter jurisdiction to enter the jurisdictional judgment. As we have explained, however, there is no indication that the trial court took temporary emergency jurisdiction. To the extent DHS is asking us to consider temporary emergency jurisdiction as an alternative basis for affirmance, we decline to do so. At the very least, the record could have developed differently below had DHS asked the court to take jurisdiction under ORS 109.751. See Outdoor Media Dimensions Inc. v. State of Oregon , 331 Or. 634, 660, 20 P.3d 180 (2001) (explaining that we cannot affirm on an alternative basis if the record could have developed differently below had the issue been presented to the trial court).