**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 5, 2021**

# In the Court of Appeals of Georgia

A21A0678. ALDEN v. YARBOROUGH.

MILLER, Presiding Judge.

This appeal concerns a superior court's order relinquishing jurisdiction from Georgia to North Carolina under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.) ("UCCJEA"). Christine Alden, the mother of minor children L. A. Y. and E. A. Y., appeals from the superior court's order finding Georgia to be an inconvenient forum to address issues relating to custody of the children. On appeal, Alden argues that the superior court erred by issuing its ruling without first informing the parties that it had communicated with a judge in North Carolina and allowing the parties to present facts and arguments relating to those communications. We agree, and we therefore vacate the superior court's order and remand the case for further proceedings.

We review for abuse of discretion a trial court's determination that it is an inconvenient forum under the UCCJEA. See *Spies v. Carpenter*, 296 Ga. 131, 133-134 (2) (765 SE2d 340) (2014). In an analogous context, we determined that, because the relevant statutory framework granted the parties a right to be heard before the matter was decided, the trial court abused its discretion by deciding the matter without first allowing the parties an opportunity to be heard. See *In re Scott*, 288 Ga. App. 374, 375 (654 SE2d 221) (2007).

The record shows that, in April 2005, the children's father, Dale Yarborough, filed a complaint for custody in the Superior Court of Camden County, Georgia. In May 2007, the superior court entered a consent order reflecting the parties' agreement as to child support, custody, and visitation. Under the terms of this order, Alden was granted primary custody of the children. In subsequent related cases, the superior court rejected attempts by the children's paternal grandparents to obtain custody and visitation, and the court also entered orders addressing Yarborough's failure to pay child support. The court apparently did not, however, enter any orders changing the parties' custody arrangements.

Alden moved to North Carolina with the children, and in 2017, North Carolina's Department of Social Services removed the children from her custody. In

December 2019, Alden filed a "Motion for Declaratory Judgment" in the Georgia court, seeking a ruling that, pursuant to the UCCJEA, Georgia has exclusive and continuing jurisdiction to determine issues relating to custody of the children. The superior court denied Alden's request for a declaratory judgment, ruling that there was no actual and justiciable controversy because, although there was clearly a pending action in North Carolina, there was no pending custody action in Georgia.

In May 2020, the Georgia superior court entered an order releasing jurisdiction under the UCCJEA to North Carolina. The court stated that it was acting both sua sponte and upon the request of the District Court of Alleghany County, North Carolina. According to the court's order, a North Carolina judge had communicated to the superior court judge that the North Carolina proceeding had been dismissed because the North Carolina court determined that it lacked jurisdiction under the UCCJEA.[1] The superior court determined that North Carolina is a more appropriate forum to decide matters related to custody of the children, and it released Georgia's jurisdiction over the matter to North Carolina pursuant to the UCCJEA. Alden filed

---

[1] New petitions alleging neglect were filed in North Carolina in March 2020, and therefore, at the time of the judges' communications, the North Carolina court was exercising emergency temporary jurisdiction over the children.

3

an application for discretionary review of the superior court's order, which we granted. She then filed this appeal.[2]

1. In two related enumerations of error, Alden argues that the superior court erred by failing to allow the parties to present facts and legal arguments before making its decision as to jurisdiction and by failing to maintain a record of its communications with the North Carolina judge. We conclude that, because the superior court's decision was based on its communications with the North Carolina judge, the court committed reversible error by failing to inform the parties of those communications and by failing to allow the parties to present facts and arguments relating to those communications.

The UCCJEA provides that, with certain exceptions not relevant to this case, once a court of this state has made an initial custody determination, it "has exclusive, continuing jurisdiction" over the matter. OCGA § 19-9-62 (a). Nevertheless, a court with jurisdiction under the UCCJEA may decline to exercise its jurisdiction if it determines that it is an inconvenient forum for further custody considerations. OCGA § 19-9-67 (a); *Devito v. Devito*, 280 Ga. 367, 368 n.2 (628 SE2d 108) (2006). The inconvenient-forum issue may be raised by a party, by the court, or by the request of

---

[2] The father did not file an appellee brief in this case.

4

another court. OCGA § 19-9-67 (a). Before deciding if it is an inconvenient forum, the court must consider whether it is appropriate for a court of another state to exercise jurisdiction. OCGA § 19-9-67 (b). "*For this purpose, the court shall allow the parties to submit information* and shall consider all relevant factors, including [those enumerated in the statute.]" (Emphasis supplied.) Id.; *Murillo v. Murillo*, 300 Ga. App. 61, 62-63 (684 SE2d 126) (2009).

The UCCJEA includes the following provisions as to communications between courts of different states:

(a) A court of this state may communicate with a court in another state concerning a proceeding arising under this article and concerning any proceeding or court order in another state relating to family violence. A court of this state may consult any state or national registry of court orders relating to family violence with regard to any party.

(b) The court may allow the parties to participate in the communication. *If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.*

(c) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

5

(d) Except as otherwise provided in subsection (c) of this Code section, *a record must be made of any communication under this Code section. The parties must be informed promptly of the communication and granted access to the record.*

(e) For the purposes of this Code section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

(Emphases supplied.) OCGA § 19-9-49.

Georgia appears to lack precedent on the issue presented in this case, but courts in other states have found reversible error in cases where the trial court communicated with a court of another state and the parties were not informed of, and granted access to a record of, those communications.[3] See *B. N. v. Madison County Dept. of Human Resources*, 151 So3d 1115 (Ala. App. 2014) (reversing judgment relinquishing jurisdiction because trial court did not keep a record of its communications with the

---

[3] "[W]e note that — as we have previously stated and as required by the Act itself — in applying and construing the provisions of the UCCJEA as codified in Georgia, we must consider the need to promote uniformity of the law with respect to its subject matter among states that enact it. In accordance with this mandate, and given the relative dearth of Georgia law on this subject, we will look to the cases of other jurisdictions when appropriate to resolve the issues presented in this case." (Punctuation and footnotes omitted.) *Kogel v. Kogel*, 337 Ga. App. 137, 139-140 (786 SE2d 518) (2016).

court of another state, the parties were not given an opportunity to present facts and arguments before the decision on jurisdiction was made, and the parties were not granted access to a record of communications between the courts); *In re R. E. G.*, 234 Ore. App. 652 (229 P3d 621) (2010) (vacating judgment because trial court did not allow the parties to present facts and legal arguments relating to the record of communications between the courts before issuing its jurisdictional ruling); *Cole v. Cushman*, 946 A2d 430 (Me. 2008) (vacating judgment relinquishing jurisdiction because trial court did not allow the parties to submit facts and argument with respect to its communications with the court of another state). We agree with our sister courts that, where the trial court's decision to relinquish jurisdiction is based on its communications with a court of another state, it commits reversible error by failing to inform the parties of those communications and by failing to allow the parties to present facts and arguments relating to the record of those communications.

Here, Alden sought a declaration that Georgia had exclusive jurisdiction to determine custody matters and the court held a hearing on that motion before denying it, so she had at least some opportunity to present evidence and arguments relating to jurisdiction before the superior court entered its order relinquishing jurisdiction. But the superior court denied Alden's request for a declaratory ruling on the ground that

7

there was no actual or justiciable controversy, and its denial did not address the substance of the jurisdictional issue. It was only after the North Carolina judge contacted the superior court judge that the court entered its order relinquishing jurisdiction. Consequently, it is clear that the superior court's decision as to jurisdiction was based, at least in part, on its communications with the North Carolina judge. And contrary to the plain requirements of the UCCJEA, see OCGA § 19-9-49 (d), there is no indication that the parties were informed of the judges' communications or granted access to the record of those communications. Because the trial court's decision to relinquish jurisdiction was based in part on its communications with a court of another state, it committed reversible error by failing to inform the parties of those communications and by failing to allow the parties to present facts and arguments relating to the record of those communications.

We therefore vacate the trial court's order relinquishing jurisdiction and remand for the trial court to comply with the requirements of OCGA § 19-9-49 before determining whether Georgia is an inconvenient forum under the UCCJEA.

2. In her final enumeration of error, Alden argues that the superior court erred in deciding that, under the facts of this case, Georgia is an inconvenient forum and North Carolina is a more appropriate forum to decide matters related to custody of the

8

children. Because we have concluded, in Division 1, that the superior court erred by issuing its decision without first allowing the parties to present all the relevant facts and arguments, we do not reach this issue at this time and express no opinion as to which state is the proper forum.

*Judgment vacated and case remanded. Mercier, J., and Senior Appellate Judge Herbert E. Phipps concur.*